## M'Kinstry *against* Solomons.

This was an action on an *award.* The declaration stated, that the plaintiff was late co-partner in trade with *Alexander Hannah,* deceased, at *Montreal,* under the firm of *Hannah & M'Kinstry;* that the defendant was co-partner with the said *Hannah* and the plaintiff, in a certain distillery and brewery, carried on at *Cornwall,* under the firm of *Solomons & Co.* ; that differences had arisen, and were depending between the plaintiff and the defendant, concerning the accounts and final settlement of the late co-partnership of *Solomons & Co.* and for putting an end thereto, the plaintiff and defendant, on the 4th of *March,* 1805, at *Montreal,* &c. submitted in writing, to the arbitrament and awards of Messrs. *Hallowell & Stewart,* of *Montreal,* chosen by the parties for that purpose, so as that they should make their award in writing, on or before the 15th of *June* following ; and that, if they should not make such an award, within the time

Where a submission is to the arbitration of two, and if they cannot make their award within the time limited, that then they may appoint an umpire. The two arbitrators may appoint the umpire before they proceed to act on the matters submitted, and within the time limited. An award of payment of a specific sum, by one party to the other, is final and sufficient, without a release If the umpire direct, that should any errors be found in the calculation, on proof thereof, the defendant is to refund the amount this does

not open the merits of the dispute, but the award remains final and valid. Where the umpire *was appointed* of and concerning the premises, and it was stated, that he took upon himself the burden of the umpirage, *it* is to be intended that he awarded concerning the subject matters submitted. In an action of debt on an award, the plaintiff need not set forth more than what is in his favor, and sufficient to support his demand ; he need not show the award on both sides.

NEW-YKOR.
Nov. 1806.

M'Kinsey
v.
Solomons.

[* 58 ]

limited, the plaintiff and defendant then submitted themselves in writing, to the *umpirage* of such person as the said arbitrators should choose for umpire, so as that the umpire should make his umpirage in writing, and ready to be delivered to the parties, on or before the 15th of *July*, following. The plaintiff then avers, that the said arbitrators did on the 15th of *June*, 1805, duly choose and appoint one *George Watt* an *umpire* between the parties, of and concerning the *premises;* and that the said arbitrators did not [*] make any award in writing, &c. but omitted so to do; that the said *umpire*, having taken upon himself the burthen of *the said umpirage*, did, on the fifteenth day of *July*, aforesaid, make and publish in writing his award and umpirage, &c. and did award, that the defendant " pay to the plaintiff, $1695 87 cts. with interest at six per cent. until paid, as the plaintiff appeared to have a just claim on the defendant for that sum; *or even more, if insisted on.*" He further awarded, that *should any errors* in addition, or calculation, of interest, be found in the account, upon proof thereof being made by the defendant to the plaintiff, the plaintiff should immediately refund to the defendant the amount thereof. The plaintiff further averred, that no errors in the addition or calculation of interest could be found in the account, and that the defendant had not paid the said sum, or any part thereof, as by the said umpirage he was required to do, whereby, &c. To this declaration there was a *general demurrer* and joinder.

*Van Vechten*, in support of the demurrer. 1. The award was made without authority. The parties agreed to submit their dispute to two arbitrators; and in case of their disagreement, to the umpirage of a person, to be chosen by them. Though the words of the submission are, that in case the arbitrators *should not make their award within the time limited* for the purpose, that it was then to be submitted to an *umpire;* yet, the word *umpire,*

NEW-YORK,
Nov. 1 805.

M'Kinstry
v.
Solomons.

*ex vi termini*, means a person chosen to decide, in case of the *disagreement* of the arbitrators.* Now it does not appear, that the arbitrators ever acted under the submission, or did any thing more than choose an *umpire.* It is not stated, nor does it appear, that there was any disagreement between them..

2. It is no where stated, that the parties were ever heard; but on the contrary, it is to be inferred, they were never before the umpire. It ought to have been shown, that the parties, with their allegations and proofs, had been heard; for an award without hearing the parties is bad.†

3. The submission was of the copartnership transactions; and it does not appear from the award that the partnership[*] accounts were taken into consideration, but merely the account of *M'Kinstry,* so that the award is not pursuant to the submission.

4. The award is not *mutual;* it directs only the payment of a sum of money to *M,Kinstry.* It does not award the settlement of their accounts, nor any releases, nor security or indemnity to the other party, against the claims of the other partner.

5 The award is uncertain, and not final. The ultimate sum to be paid is not fixed, but the accounts are still left open for the correction of errors. The money is directed to be paid to *M'Kinstry,* who is to judge what deductions are to be made, in case of error, and to refund the amount. It declares also, that more was due the plaintiff, if insisted on; so that a door is open for further claim and controversy, and the award is not a final end of the differences between the parties.

*Ross,* contra. Formerly awards were construed with the greatest strictness. In later times, courts have been liberal in their construction, so as, if possible, to support the award.* 1. The submission is, that if the arbitrators shall neglect or refuse to make their award,

* *Kyd* on a-
wards, 2d ed.
6.

† 2.*Atkyns,*64.

[ *59 ]

† *Kyd,* 2 ed.
228,229,243.
1 *Burr.* 277.
*Hawkins* v.
*Colclough.*
*Yelverton,* 98

NEW-YORK
Nov. 1806.

M'Kinstry
v.
Solomon,

they may appoint an *umpire*. The parties meant to provide for the decision by an *umpire*, should the arbitrators forbear to act from any cause whatever. 2. It is stated, that the umpire took upon himself the burden of the *umpirage*, &c. and did make an award, &c. It is, therefore, to be inferred that the parties did meet before him, and were heard. This fact, if material, ought to have been traversed by the defendant. 3. Where several persons submit their differences with a third person, the joint as well as several matters between them, may be decided on by the arbitrators.† If the award be " in and upon the premises," it shall be intended to have been made of all matters within the submission.‡ 4. Releases were not necessary to render the award mutual. § Payment of money is equivalent to a release. 5. The proviso in the award as to the correction of any errors in the calculation, was intended for the benefit of the defendant ; and the objection from him is not [*]deserving of weight. It does not, however, destroy the award which may be good in part, and void in part.* The award may be void as to the proviso, but valid as to other matters ; or the proviso may be rejected as surplusage.

*Van Vechten,* in reply. Awards must be construed, not only liberally, but reasonably. Why should the parties have chosen two arbitrators, if they intended to submit to the decision of one only ? The words of the submission are, if the arbitrators *cannot* make an award, that is, cannot agree, they may appoint an umpire ; not that they may do so if they neglect to attend to the matter. The power to appoint an umpire is special, and ought to be strictly persued. It was to appoint on a certain contingency, and it ought to have been shown explicitly, that the contingency did happen. Again, without some indemnity against the other partner, there would be no reciprocity in the award. When an award is good in

† 1 *Vernon*
359, *Carter*
v. *Carter,*
*Kyd,* 157,
182, 183.
8 *Co.* 98.
*Rol. Ab.* 249.
‡ *Kyd,* 222.
§ *Purdy* v.
*Delavan,* 1
*Caines.* 304.

[ * 60 ]

* *Kyd,* 243,
244, 245. 12
*Mod.* 543.

part, and bad in part, and the bad part only contains any mutuality, if that be destroyed, the whole is void ; for mutuality is the essence and basis of an award. The authority of the arbitrators is judicial, and cannot be delegated, unless they disagree, so as to secure at all events, the concurrence of two persons. He cited *Kyd on Awards,* 1st ed. 91, 92, 94, 114, 122, 129, 140, 146. *Pur ly* v. *Delavan,* 1 *Caines,* 304.

KENT, Ch. J. delivered the opinion of the court. Several objections were made to the declaration.

1. It was said that it does not appear that the arbitrators ever took upon themselves the consideration of the subject, prior to the appointment of the umpire. But this was not necessary. The arbitrators may elect an umpire, within the time prescribed for them to make an award, and even before they take upon themselves the matter submitted., (4 *Term,* 644.) It is not even requisite, that the arbitrators should have acted in the matter, and made an effort to agree in order to give validity to the powers of the umpire. The submission, in this case, was, that if the arbitrators *should not make an award within the time limited,* the umpire should act, and it is sufficient that they did not make an award. [*](*Lurnly* v. *Hutton,* 3 *Viner,* 92. *Mitchel* v. *Harris,* 1 Ld. *Raym.* 671. and 12 *Mod.* 512.)

[ * 61 ]

2. It was urged that the award of the umpire was not final, because he states that the plaintiff had not only a just claim for the sum awarded, *but even more if insisted on.* But payment and receipt of the specific sum awarded, is a final discharge to the defendant, and a waiver on the part of the plaintiff, of any further demand ; a discharge to the defendant will be presumed from the payment of the sum awarded. (1 *Caines,* 319.) The award necessarily implies that any further claim on the part of the plaintiffs had not been insisted upon, but was waived before the umpire, and the acceptance of the award clearly concludes the plaintiff as to further claims.

3. It was further insisted that the award was not final, because the umpire directs, that should any errors in addition or calculation of interest be found in the account, and proof thereof be made by the defendant, the plaintiff shall refund the amount thereof. This does not open the merits of the controversy, and it has no analogy to the case of *Padley* v. *Goddard*, (7 *Term*, 73.) where the defendant was allowed to reduce the sum in the award by his own affidavit. It refers merely to clerical mistakes or miscalculations by the umpire in casting up or footing the accounts, and the provision is nothing more than what the court of chancery would do in every case of awards valid and final at law. ' (3 *Atk*. 644.) It cannot affect the validity of the award, or render it less final than it would have been without it ; and it certainly cannot lie in the mouth of the defendant to make the objection without averring and showing the mistake which could be ascertained by mere calculation.

4. It was again objected that it does not appear that the award was of and concerning the subject-matters submitted. This I think is, however, to be intended.— The umpire was appointed of and concerning *the premises*, and it is stated that he took upon himself the burthen of the *said umpirage*, and made the award. The declaration does not indeed state that he made his umpirage *of and upon the premises*, [*] but this is certainly the natural and reasonable presumption ; and notwithstanding the strictness of some of the older cases, with which Mr. *Kyd* (p. 139.) appears to be very justly dissatisfied, I think it ought to prevail until repelled by the opposite party. It is at most but matter of form which cannot be objected to upon a general demurrer.

[ * 62 ]

It is lastly said, that the award is not mutual, because no provision is made for an indemnity against the claims of the deceased partner. Whether there would be any weight in this objection if brought forward in another shape, it is unnecessary to say, because it is a complete

answer to it in this case to observe, that in an action of debt upon an award, the plaintiff need only show so much of the award as is sufficient to state his demand. He need not show any more of the award than makes for him. He need not show the award on both sides; if there be any thing by way of condition precedent to the payment of the money, the defendant must set it forth in pleading. (1. *Burr.* 280. 2 *Saund.* 62. *b. note* 5. and the precedent of the declaration in *Hodsden* v. *Harridge*, 2 *Saund.* 61.) The court are therefore of opinion that the plaintiff is entitled to judgment.

Judgment for the plaintiff.