Smitit, C. J.,
delivered the opinion of the Court.
I. It is very clear that, if the parties had settled without the intervention of arbitrators, this action would have been maintainable. So, if the submission had been informal, and the award only advisory, or not binding ; if the arbitrators had been merely assistants at the settlement.
II. This was a regular and bindiñg award. It is a general rule that such an action as the present does not lie to relieve against mistakes in judgments; because it would defeat the great end of judgment, which is, that it puts a final end to J controversy. The merits cannot be re-examined. If re-examinable at the instance of one party, they must be so at the desire of the other; the whole account must be gone over again. And this equally applies to awards. There is a method of setting them aside.' If that is not pursued, aud they are submitted to, they stand on the same footing as judgments as to this matter, their conclusive effect. In Newland, adm'r, v. Douglass, 2 Johns. 62, it was determined that, where arbitrators chosen by the parties make a mistake in the calcidation of the sum to be awarded, an action at law will not lie to correct the mistake ; and that the evidence of the arbitrators to prove the mistake is not admissible. In that case it was said that a court of chancery may correct palpable mistakes or miscalculations made by the arbitrators, and 8 Atk. (644) was cited. But the bill was there brought to set aside an award. Here, the award has been submitted to. I am not prepared to say that, where an attempt is made to have the benefit of an award (and in this State, where the submission is not a rule of court or justice, it must be by suit at law), it would not be a good plea that there was a mistake *442 of this kind;[1] certainly it is a good objection to the acceptance of a report or award of referees made pursuant to a rule.
Williams et als, ex’rs, v. Paschall, 4 Dall. 284, was debt on arbitration bond. Plea: that the arbitrators, from mistake and misapprehension of the law, calculated interest on the face of a bond, and not on the payments ; nor were the payments deducted in the computation, at the time when made. Demurrer. It was determined that the plea was bad.
One ground why relief should not be given in case of mistake made on one side is that there may have been equal or greater mistakes on- the other side, which cannot b.e rectified except by going over the whole ground.
In the present case it may be said that this matter (the indorsement of $8.69, on the execution) has never been considered and adjudicated on by the arbitrators, and, therefore, the parties are not bound by the award in this particular, and *443 that Burbank, as to this, is not concluded. 1 G. Bacon, 207, 216, 232; 2 Tidd, 751, 752 (sed vide Willes, 268, 7 Mod. 8vo ed., 349, S. C.); 2 Sellon, 351; 7 G. Bacon, 396; Chr. Notes, III. 459.
In Ravee v. Farmer, 4 T. R. 146, it was determined that an award made upon a reference of all matters in difference between the parties does not preclude the plaintiff from suing on a cause of action subsisting against the defendant at the time of the reference, upon proof that the subject-matter of such action was not laid before the arbitrators, nor included in the matters referred. The evidence, in such case, goes to show that the matter sued was not included in the reference because not in difference. The only question, as Lord MaNsfibld said in another case, was whether submission of matters in difference is a submission of matters not in difference. All matters in difference are not the same, as all causes of action subsisting, or all demands. In the present case, all demands were submitted; and no authority can be produced that, in such case, evidence is admissible to show that a particular demand was not considered.[1] The strongest case in favor of such proof is Seddon v. Tutop, 6 T. R. 607. The plaintiff sued defendant on a promissory note, and for goods sold and delivered. Defendant was defaulted. Writ of inquiry, and verdict for the amount of the note only. A suit, after- *444 wards, was brought for the price of the goods, and held maintainable. In that case the causes' of action were widely different, and stated in different counts.
The parties in this case entered judgment by agreement for defendant.[1]

 “ Having no court of chancery, it is impossible that we should, ever have adopted the doctrine that an award cannot be impeached in pleading, and avoided by matter de hors. I think we may safely lay it down as law, in this State, that an award may be impeached as well for corruption, partiality, misbehavior, &c., of the arbitrators, as for legal objections appearing on the face of the award. Whatever would be sufficient in England to set aside an award, either in a court of law, by motion in a summary way, or, in a court of equity, by bill, or, in this State, by way of objection to a report of referees, or to destroy an award when offered in evidence in an action on the original cause of action, may be pleaded in avoidance of the award, when the action is on the award itself, or on the bond of submission.” Smith, C. J., in Knowlton v. Judkins, Rockingham, February Term, 1805, 9 Manuscript Reports, 163, 171.
The reason for this doctrine was taken away by the statute of 1832, conferring equity powers upon the Superior Court; and it is now held that corruption, misconduct, or mistake of law, on the part of the arbitrators, cannot be pleaded at law, by way of defence to the award, or to the submission-bond. Fletcher v. Hubbard, 1861, 43 N. H. 58; Elkins v. Page, 1864, 45 N. H. 310.
In Hale v. Handy, 1853, 26 N. H. 206, 215, Gilchrist, C. J., said, “that where the arbitrator’s mistake is one of mere arithmetical computation, there seems to be no reason why the matter may not be inquired into in a suit at law.”

 Contra, Whittemore v. Whittemore, 1819, 2 N. H. 28; Upham, J., in Elliott v. Quimby, 1842, 13 N. H. 181, 183; and see Wyman v. Perkins, 1859, 39 N. H. 218, 222.
But i£ it bo conceded that the award would not preclude Burbank from maintaining an action on one of his demands which the arbitrators omitted to consider, still this concession does not establish his right to recover the sum of $8.09. As to that sum, Burbank had no “ demand ” against Norris. The payment was merely matter of defence to the claim of Norris on the execution. There is no pretence that Burbank could have maintained an action against Norris for that sum previous to the award. The question before the arbitrators was,”How much is due Norris on the execution ? Their decision on this question is not rendered a nullity by the fact that they overlooked an important piece of evidence, which, if taken into consideration, would have materially reduced the amount to be awarded.

 Where a partial payment is made upon a debt, but the creditor after-wards recovers judgment for the whole original claim without deduction, can the debtor maintain an action to recover back the amount of the partial payment?
If the defence of partial payment was actually (though unsuccessfully) set up in answer to the creditor’s suit, the judgment will, of course, estop the debtor from again litigating the question. Rogers v. Porter, 1799, 1 Dane, Abr. 187.
If the debtor, though not setting up the defence of partial payment, appears, and pleads to the merits on other grounds, the weight of authority is that the judgment precludes him from bringing a subsequent action to recover back the payment. Loring v. Mansfield, 1821, 17 Mass. 394. See also Driscoll v. Damp, 1863, 17 Wis. 419; De Sylva v. Henry, 1836, 3 Port. (Ala.) 123. (In Woodward v. Hill, 1857, 6 Wis. 143, it seems to have been held, that, if the debtor sets up no defence other than a demurrer, which is overruled, he is not precluded.)
If the creditor’s judgment was recovered by default, the American authorities are not agreed as to the effect of such judgment upon the debtor’s action to recover back payments not credited.
That the judgment is a bar to such an action was held in Tilton v. Gordon, 1817, 1 N. H. 33 (overruled in Snow v. Prescott, cited post); Binck v. Wood, 1864, 43 Barb. 315; Jordan v. Phelps, 1849, 3 Cush. 545 (where the debtor filed a defence of partial payment, but subsequently withdrew his appearance and suffered default) ; Corey v. Gale, 1841, 13 Vt. 639; In the following cases the judgment was held a bar, but it does not distinctly appear whether the judgment was obtained by default. Fuller v. Shattuck, 1859, 13 Gray, 70; Mitchell v. Sandford, 1847, 11 Ala. 695; Broughton v. McIntosh, 1840, 1 Ala. 103. See also Kirklan v. Brown’s Adm’rs, 1843, 4 Humph. 174; Bobe’s Heirs v. Stickney, 1860, 36 Ala. 482; Sharswood, J., in Hopkins v. West, 1876, 83 Pa. St. 109. In England, a judgment by default would undoubtedly be considered a bar. In Huffer v. Allen, 1866, L. R. 2 Exch. 15, it appeared that the debtor made a partial payment while suit was pending, but the creditor afterwards took judgment by default for the full amount, and the debtor was arrested on the execution and paid the sum demanded. The debtor then brought an action against the creditor, for maliciously and without probable cause signing judgment and issuing execution. Held, that the judgment, whilst it stood for the full amount, precluded this action. The plaintiff’s counsel admitted that *445 he could not maintain assumpsit for money had and received; and the law is so stated by Channel!,, B., in his opinion.
That a judgment by default is not a bar was held in Snow v. Prescott, 1842, 12 N. H. 535 (cited with approval in 28 N. H. 574, and 39 N. H. 162); Rowe v. Smith, 1820, 16 Mass. 306 (now “ considered as overruled; ” Hoab, J., in Fuller v. Shattuck, ubi sup.); Smith v. Weeks, 26 Barb. 463 (overruled in Binck v. Wood, ubi sup.); Woodward v. Hill, 1857, 6 Wis. 143; Clay v. Clay, 1854, 13 Tex. 195 (where the partial payment, instead of being made the ground of a separate action, was allowed to be shown in defence to a suit on the judgment). See also Dillon, J., in Doyle v. Reilly, 1864, 18 Iowa, 108.
In the above classification, Snow v. Prescott has been placed with the cases relative to judgments by default, because the judgment, the effect of which was there considered, was obtained in that manner. But one of the grounds of that decision, viz., the theory of “ rescission,” is by no means confined to judgments by default, but applies also to judgments rendered in suits whore the debtor appeared and contested the case upon the merits (upon1 any other defence than that of payment). The “rescission” theory, if carried out to its logical results, does not stop with overthrowing the decision in Tilton v. Gordon. It is equally at variance with the leading case of Marriot v. Hampton, 37 Geo. III. 7 T. R. 269; s. c. 2 Smith’s L. Cas. 393. Possibly, the very sweeping effect of this theory may induce a careful re-examination of the reasoning by which it is supported.
A judgment in favor of the creditor, for the full amount of his claim, does not preclude the debtor from maintaining an action to recover the value of property which he had previously delivered to the creditor, with the expectation that it would be applied in reduction of the debt upon a future adjustment of accounts, but which was not delivered as a present payment. Strong v. McConnel, 1838, 10 Vt 231; and see Cushman v. Estate of Hall, 1856, 28 Vt. 656. Upon the literal phraseology of the statement of facts in Snow v. Prescott, an attempt might possibly have been made to bring that case within this principle. But the plaintiff’s counsel, and the judge who delivered the opinion, both conceded that the case was not distinguishable in principle from Tilton v. Gordon, whore there was no attempt to represent the delivery of the property in any other light than as a partial payment.
If a negotiable note is transferred under such circumstances, that the defence of partial payment to the payee cannot be set up against the indorsee, a judgment against the maker for the face of the note does not preclude him from recovering the amount of such'payment from the payee. Conn. & Pass. R. R. Co. v. Newell, 1858, 31 Vt. 365, 372. Otherwise, if this defence was open to the maker as against the indorsee. Shaw, C. J., in Sacket v. Loomis, 1855, 4 Gray, 148, 150; Corey v. Gale, 1811, 13 Vt. 639.
*446 The reasons urged in support of Rowe v. Smith, ubi sup. (see 3 Cush. 547), did not exist in Burbank v. Norris. In the latter case, there was no breach of the creditor’s undertaking to indorse the payment; the indorsement was actually made. Nor did the debtor suffer a default. The error in the adjudication was due to an oversight on the part of the tribunal, not to the fraud or mistake of the prevailing party. In Snow v. Prescott, the plaintiff’s counsel admitted that, if the indorsement had been made, the judgment would have been a bar.
In Newland v. Douglass, 1806, 2 Johns. 62 (cited in the above opinion), the arbitrators, instead of allowing the prevailing party too much, allowed him too little, in consequence of a mistake in the subtraction ■ of figures in making up the award. Held, that he could not maintain an action to recover the amount of the mistake.