Sherron *v* Wood.

---

WILLIAM SHERRON *against* JOHN S. WOOD.

1. Misconduct of an arbitrator cannot be pleaded, or set up, as a defence to an action of law upon an arbitration bond. The same rule prevails with respect to error or mistake of law, or fact in making an award which does not appear upon the face of it.

Sherron *v.* Wood.

2. Matters extrinsic, and not appearing on the face of the award, cannot be pleaded in bar of an action brought upon the arbitration bond. Per FORD, J.

3. This court has no summary power or equitable jurisdiction, over an award, unless the submission be made a rule of court.

This was an action of debt on an arbitration bond. The plaintiff declared in common form for the penalty of the bond.

The defendant pleaded six different pleas—to the fourth and fifth of which the plaintiff has demurred.

*First* plea, no award, after oyer of bond and condition.

*Second* plea sets forth the award, and alleges non performance by plaintiff.

*Third* plea, no notice of the making of the award.

*Fourth* plea, that the said William Sherron ought not to have or maintain his aforesaid action thereof against him, because he says that he the said John S. Wood, was by the said arbitrator, denied the privilege of hearing and examining witnesses relative to the said accounts; and that the said arbitrator heard the said William Sherron, and examined his witnesses *ex parte,* in the absence of the said John S. Wood; and without notice to him, the said John S. Wood, to be present and attend at such hearing and examination; and this the said John S. Wood is ready to verify.

*Fifth* plea, that the said William Sherron ought not to have or maintain his aforesaid action thereof against him, because he says that the said arbitrator in re-stating and settling the said accounts, and making the said award, committed great errors and mistakes in law and fact; and this he the said John S. Wood is ready to verify. Whereupon, he prays judgment, if the said William Sherron ought to have or maintain his aforesaid action thereof, against him, &c.

General demurrer to the fourth plea, with the following cause specially annexed, *viz.*

And the said William Sherron, according to the form of the statute in such case made and provided, states and shews

Sherron *v.* Wood.

to the court, here, the following cause of demurrer to the said fourth plea, that is to say : that the said John S. Wood has therein pleaded matter arising from supposed misconduct or neglect of the arbitrators, to avoid the award, which it is not competent to him to plead, the same not being matter of plea, particularly as the defendant has not imputed fraud to the arbitrator, or shown that he had any witnesses or proofs to produce before him; nor has alleged that he did not know the time and place of meeting for the hearing of parties, and examination of witnesses on the said arbitration.

General demurrer to the fifth plea, with the following causes specially annexed, *viz.*

And the said William Sherron, according to the form of the statute in such case made and provided, states and shews to the court, here, the following causes of demurrer to the said fifth plea, that is to say : that the said plea is double, for as much as the said defendant has therein pleaded two distinct and separate matters, to-wit : that the said arbitrator committed errors in law, and also, that he committed errors in fact; that the said plea is uncertain, in that it contains neither time nor place; that it alleges, generally in law and fact, by the said arbitrator, and does not specially set forth what those errors are; that the said plea is incapable of trial, inasmuch as it contains neither matter of fact, which can be tried by a jury, nor matter of law, which can be determined by the court, nor matter of record; because it contains matter of fact, improperly complicated with matter of law; because it does not particularly set forth the points in which the said arbitrator committed error; because it contains matter of law to be determined by the court, and matter of fact to be tried by a jury; and also, that the said fifth plea is in other respects uncertain, informal and insufficient.

Joinder in demurrer, by defendant.

*Daylon* for plaintiff, in support of the demurrer argued :

1. The *fourth* plea states that the defendant was denied

the privilege of hearing and examining witnesses, and that the arbitrator heard the plaintiff and examined his witnesses *ex parte* in the absence of defendant, and without notice to him to be present.

This plea is defective in substance.

1. The defendant can not set up as a defence, in an action brought on an arbitration bond, any extrinsic circumstances to destroy the award—as misconduct of the arbitrator, &c.

This case is to be distinguished from references by rule of court and submissions under the statute.

Observing this distinction, the authorities are very uniform, and clearly established the principle above laid down. 8 *East* 344; 1 *Day* 130; *Ib.* 153; 2 *Ves.* 315; 3 *Atk.* 644; 1 *Atk.* 64; 15 *East* 58; 3 *Atk.* 497 (530); *Kyd on Aw.* 327; 2 *Wils. Rep.* 149; 1 *Saund. Rep.* 327, (2, 3,); 2 *Johns. Rep.* 62; 1 *Salk.* 73; 3 *Johns.* 367; 1 *Bac. Ab.* 239; 2 *Chit. on Plead.* 478; 1 *Stra. Rep.* 647; *Cald. on Aw.* 203.

*Fourth* plea does not even set out the award.

Such a defence contradicts the award in the present case.

The only relief, in case of misconduct of the arbitrators, is in equity.

Here the arbitrator is made a party, and if he be found in fault is obliged to pay the costs of the suit. The arbitrator may be corrupt and yet the parties innocent.

The case of *Harker* v. *Hough,* 2 *Halst. Rep.* 428, does not contradict this principle. The plea there stated, that the arbitrators refused to arbitrate upon a certain claim exhibited by one of the parties.

That case, then, was determined upon the ground, which to a certain extent is indisputable, that an award of parcel, only of the things submitted, is void.

This is a very different thing from refusing to hear the witnesses of one of the parties, in order to make up their award, which they may do, and yet award upon all the matters submitted.

Sherron v. Wood.

A distinct line may be drawn between the two cases, in the one the matter set up is intrinsic and in the other extrinsic to the award; it is the latter which is excluded by the authorities cited.

The same remarks apply to the case of *Richards* v. *Drinker*, *et al.* 1 *Halst. Rep.* 307; and to all the cases cited by the defendant's counsel in that of *Harker* v. *Hough*.

The submission does not give the parties, but the arbitrator, the privilege of hearing and examining witnesses.

II. But allowing the general principle, as laid down, to be incorrect, this plea shows no misconduct on the part of the arbitrator.

1. He does not allege that he had any witnesses.

2. If he had, there may have been legal objections to them. He does allege fraud in the arbitrator.

3. Some agreement or admission of the parties, may have rendered it unnecessary to examine them.

4. The allegation in the plea is indefinite, and does not exclude the supposition that some witnesses were examined on the part of the defendant. If any of his witnesses were rejected, his assertion would be true. Some of them may have been properly refused.

5. The defendant had no right to hear and examine the witnesses; this was more properly the duty of the arbitrator himself. If it had been said that the arbitrator refused to hear or examine the witnesses, the objection would have been more plausible.

Two distinct matters are contained in the plea.

6. The arbitrator is not bound to give notice to the parties to be present at the hearing and examination of the witnesses. There is no authority requires it: 3 *Atk.* 497, (530.) At any rate this is only an equitable objection.

7. Besides the parties themselves may have agreed upon the time of hearing in the presence of the arbitrator, in which case notice would certainly not be necessary.

The defendant does not say that he did not know the time and place of hearing.

It is the duty of a party to set out his case fully in his pleading. If the allegations in this plea do not necessarily import misconduct, in the arbitrator, it will be taken not to exist.

III. The *fifth* plea, states that the arbitrator committed errors in law and fact. This plea is defective both in form and substance.

I. In form:

1. It is double; it contains two distinct objections to the award, *viz.* errors in law and errors in fact. Every plea must be single. *Chit on Plead.* 511; *Bac. Abr. Pleas, R.* 1 *ent.* 1, 2, 3; *Yelv.* 13.

If issue were taken on this plea it would require two distinct answers, which is a sufficient test of its duplicity.

A double plea is bad, even though one of the matters be ill pleaded or immaterial. *Com. Dig. Plead. E.* 2 *ent.* 12, 13.

A plaintiff on assignment of errors, cannot assign errors in law and errors in fact together; for they are different things and require different trials. *Bac. Ab. Error, R.* 2 *ent.* 1, 3, *&c.*

2. This plea is also uncertain. Every plea must be certain. *Chit. on Plead.* 513.

This plea states neither time nor place. Where time is immaterial it should be the same in the plea as in the declaration. *Chit. on Plead.* 509.

In a plea, the time and place of everything material and traversable ought to be alleged. *Com. Dig. Plead. C.* 19, *ent.* 11.

The plea ought to specify the errors in the award. *Com. Dig. Plead. E.* 5 *ent.* 1, 4, 7, *&c.* In the assignment of errors it is necessary to particularize the points in which error exists.

Sherron v. Wood.

3. This plea is not triable. Every plea must be so pleaded as to be capable of trial. *Chit. on Plead.* 519; *Com. Dig. Plead. E.* 34, *ent.* 1, 2, 3, 5. This plea contains an admixture of law and fact. If issue were taken thereon, a jury could not determine whether the award contained errors in law, nor the court whether it contained errors in fact. No particular facts are alleged upon which issue could be taken.

IV. This plea is defective in substance. The award cannot be re-examined by a court or jury upon matters either of fact or law.

1. As to the law. If there be no cause of action at law, an arbitrator may award damages. 2 *Vent.* 243; 3 *N. Y. T. R.* 166; *Kyd on Aw.* 185.

Arbitrators are not confined within the rules of law or equity. *Chan. Talbot, Kyd on Aw.* 356.

Although they cannot award a thing to be done which is against law, yet an award will not be set aside on account of a mistake in the law. 9 *Johns. Rep.* 212; 14 *Johns. Rep.* 105; 1 *Salk.* 73.

Courts will not re-examine awards. 3 *Johns. Rep.* 367; *Saund.* 327.

Awards are more liberally considered than formerly. *Kyd on Aw.* 228–9, 243; *Burr. Rep.* 277.

As to the facts. If the award could be re-examined under this plea, upon the facts, it would be giving to the court and jury the power of a Court of Appeal from the determination of the arbitrator. But an arbitrator is a judge, from whose sentence, if agreeable to the submission, there is no appeal. *Kyd on Aw.* 139.

The argument and authorities adduced, upon the principle laid down with regard to the fourth plea, *viz.*, that no extrinsic circumstances can be brought to avoid an award, apply also to this part of the case.

EWING, C. J. The questions in this case arise upon demurrers filed by the plaintiff to two of the defendant's pleas.

The action is brought on an arbitration bond, under which the arbitrator has made an award in favor of the plaintiff. In the fourth plea, the defendant says, that "he was by the arbitrator denied the privilege of hearing and examining witnesses relative to the accounts in controversy, and that the arbitrator heard the plaintiff and examined his witnesses, *ex parte*, in the absence of the defendant and without notice to him to be present and attend at such hearing and examination. In the fifth plea, he alleges that the arbitrator in restating and settling his accounts and making the award, committed great errors and mistakes in law and fact."

The demurrers to these pleas are well taken. Misconduct of an arbitrator cannot be pleaded or set up as a defence to an action at law upon an arbitration bond. The same rule prevails with respect to error or mistake of law or fact, in making an award which does not appear upon the face of it. How far these rules are the most judicious which might have been devised, and why an injured party should be compelled to seek relief in such cases, in a Court of Chancery, are not admissible topics of inquiry; we are not to speculate, perhaps very erroneously, in such matters; we are to carry into effect the rules as we find them established. *Periculosum est res novas et inusitatas inducere.*

In the case of *Veale* v. *Harner*, 1 *Saund.* 326, the action was in debt on a bond conditioned for the purformance of an award. *Saunders*, who was the counsel for the defendant, and considered it a case of the greatest hardship on his client, compelled the plaintiff to discontinue his action by a very subtle plea, for which, as a trick in pleading, he was reprehended by the court, but did not plead or set up by way of defence "bad practice of the plaintiff with the arbitrators." Afterwards, however, the defendant filed a bill on the equity side of the Court of Exchequer disclosing this bad practice and had relief against the award. Serjeant Williams in his note on this case, very justly says: "Hence it seems to follow, that to an action of debt on bond for not

performing an award or to an action on the award itself, the defendant cannot plead collusion or other misconduct of the arbitrators in avoidance of the award. For as such a plea would in the principal case have been supported by the facts, it may be pronounced with absolute certainty, that so able a lawyer as *Saunders* is known to have been, would have stated the facts in a defence to the action, and not had recourse to the unworthy trick, for which he was so justly censured, if the plea could have been supported in point of law. And there seems to be no case or doctrine where a plea of this sort has been held to be pleadable, or a precedent of such plea to be found in any of the books of entries." In *Wells* v. *Maccarmick*, 2 *Wils*. 146, which was an action of debt on an award, the court said there never was an instance where evidence of partiality and corruption in the arbitrators was permitted to be given; that a jury in a special verdict cannot find any matter of fact dehors the award; and by parity of reasoning nothing dehors the award, as partiality is, can be given to them in evidence; that in a trial at law this matter of partiality and corruption can never be got at; that there is no case where this matter has ever been pleaded, and that the remedy in this case is in equity, or by action at law, against the arbitrators, if they have been corrupt.

It may be proper here to mention, that in the Chancery books are a multitude of cases in which awards have been relieved against by that court on the grounds of partiality, corruption and misconduct in the arbitrators. 2 *Vern*. 251. *Ibid* 157. 5 *Vez*. 70. 3 *Wen's* 362. 2 *Vern*. 514. 1 *Vez. jun*. 369.

In *Braddick* v. *Thompson*, 8 *East*. 344, to an action of debt on an arbitration bond, after oyer, the defendant pleaded that the arbitrators did not before making the award, appoint any time for hearing the defendant or his witnesses or proofs; that the award was made without hearing any witness or proofs on behalf of the defendant, and

without giving him an opportunity of producing any witnesses, or of examining or observing on the plaintiff's witnesses and proofs; the plaintiff demurred. Upon the argument, the court suggested that this matter could not be pleaded in bar nor serve otherwise, than as ground on which to have applied to the equitable jurisdiction of the court, for the purpose of setting aside the award; the demurrers were sustained and judgment was given for the plaintiff. In *Chicot* v. *Laqueene*, 2 *Vez. sen.* 315, *Lord Hardwicke* said he knew no case of a defence at common law, in an action brought on an award by corruption. In *Swingford* v. *Burn*, 1 *Gow.* 5 *Dallas, C. J.*, held in action on an award that the defendant had no right to unravel the accounts exhibited to the arbitrator and dispute the validity of his award. In *Newland* v. *Douglas*, 2 *John. Rep.* 62, the court say : A Court of Chancery may correct a palpable mistake or miscalculation made by the arbitrators, or relieve against their partiality or corruption. But there is no such remedy at law in a case of submission, not within the statute. In *Barlow* v. *Todd*, 3 *John.* 368, *Spencer*, J., delivering the opinion of the court, said : It is now well established that at law nothing dehors the award invalidating it can be pleaded or given in evidence to the jury. The arbitrators are judges chosen by the parties themselves, and their awards are not examinable in a court of law, unless the condition is to be made a rule of court, and then only for corruption or gross partiality. Courts of law cannot listen to suggestions contradicting the award or impeaching the conduct of the arbitrators. In *Cortlandt* v. *Underhill*, 2 *John. Ch. Rep.* 366, *Chancellor Kent* says : The courts of law have always been averse to grant any relief in these cases, and the injured party was obliged to resort to equity. In an action at law on an award, even the corruption or misconduct of the arbitrator is no defence. In *Mitchell* v. *Bush* 7, *Cowen,* 187, it was held that where a matter is submitted to arbitrators by the mere act of the parties without being made a

rule of court, it is no ground of objection to their award in an action to enforce it, that it is against law. *Kyd*, in his treatise on awards, 226, says: When the submission is by the mere act of the parties, the defendant cannot make extrinsic circumstances a defence to an action on the award or submission bond. In this respect· he says, the Roman law is somewhat different from ours; for though it provides no direct method, by which the party against whom the award is made, can impeach the conduct of the arbitrators, yet by a rescript of *Antoninus* it is provided that the enmity of the arbitrators to the defendant, may be set up as a defence against the plaintiff's action for the penalty expressed in the submission. With us, in such a case, the only relief is in equity, which often sets aside awards and gives that kind of relief that seems naturally to arise out of the circumstances, as by directing the accounts or granting injunctions to stay all legal proceedings which had been pursued on the foundation of the award being good. *Caldwell* says, the defendant cannot plead to an action on the submission bond, partiality or improper conduct of the arbitrator. *Cald. on arbit.* 203, 177. *Chitty* says: partiality or improper conduct in an arbitrator in making the award without hearing the defendant and his witnesses, cannot be pleaded at bar to an action on the bond conditioned for the performance of the award, but is only matter of application to the equitable jurisdiction of the court to set aside the award. 2 *Chitty* 477.

The case of *Harker* v. *Hough*, 2 *Halst.* 428, does not at all conflict with these cases and principles. There the arbitrators had refused to consider one of the matters submitted to them, and of which they had notice; and the court held that the award was a nullity, and that the defendant had availed himself of it in a legal manner. It was in effect a plea of no award; for the arbitrators had not pursued their authority, and had not made the award contemplated in the submission. The same principle was pursued in the case of

*Mitchell* v. *Stavely* 16 *East*. 58.  It was held a good plea in
bar to an action on a submission bond of all matters in dif-
ference, that there was a particular matter in difference at
the time of making the bond, of which the arbitrators had
notice, but had omitted to make any decision thereon.  *Lord
Ellenborough* said: the award, therefore, is only not final,
but there is no award at all respecting one of the matters in
difference referred.  It was a condition of the submission
that they were to award upon all matters in difference
between the parties.  The ground on which these cases
stand is, not that the award was bad for misbehavior of the
arbitrators, but there was actually no award within the
terms of the submission.  On the argument it was insisted
by the counsel of the defendant, that a wider scope of plead-
ing is admissible and even necessary here than in England,
because there the courts *always* exercise jurisdiction over
the award and bond; and that misconduct in the arbitrators
may not be set up by way of plea, because the party
aggrieved may always apply to the equitable side or juris-
diction of the Court of King's Bench or Common Pleas.  But
the first and second sections of our statute respecting arbi-
tration, *Rev. Laws*, 158, are copied without any variance,
scarcely even a verbal one, from the *stat.* 9 *and* 10th *W.* 3;
and the general jurisdiction of the courts being the same, it
follows that the same powers over the subject matter are
common to this and to those courts; any power may be
exercised here which may be lawfully exerted there; and it
is an error to suppose that the English Courts of common
law always exercise jurisdiction over awards, or that a
party may in all cases apply to them for relief; for they
never do, nor can, in a summary way, interfere with or set
aside an award when the parties have not agreed that their
submission to arbitration should be made a rule of court.
Where such agreement is wanting, no application can be
made to what was called the equitable side or jurisdiction of
the court.  I am not aware that the question now before us

has heretofore been directly decided in this court. In the year 1800 an action was brought here by Peter Hickman, administrator of Thomas Jean, deceased, against William Brick, administrator, *cum testamento annexo*, of Thomas Carney, deceased, upon an arbitration bond. No defence at law was made; but Brick filed a bill in the Court of Chancery, alleging mistakes of law and fact, and misbehavior of the arbitrators, and praying that the award might be set aside, and for relief against the proceedings in this court upon the arbitration bond. *Chancellor Bloomfield*, upon the hearing, being of opinion that some of the grounds were not available and others not sustained, dismissed the bill; the complainant appealed. The Court of Appeals reversed the Chancellor's decree, ordered the award to be set aside, and decreed a perpetual injunction against the proceedings at law to enforce the award. To this case the remarks of *Sergt. Wilson*, before alluded to, may with great propriety be renewed. The counsel of Brick would not have imposed on their client, the expense and inconvenience of a resort to the Court of Chancery, if in their opinion they could have resisted the award, in the action at law. With learning equal to *Saunders*, they could not have overlooked, and would not have foregone an available defence, although unlike him they would not have stooped to a subterfuge even to wear the laurel of success. And the eminent and distinguished counsel on the other side, would not have failed if they had supposed such resistance legal, to have sought on that ground to have closed the doors of the Court of Chancery. This case has not, it is true, the weight of judicial decision. It demands, however, all the attention due to the justly respected opinions of the counsel who were concerned in it.

From this examination of the subject it clearly results, that the matters contained in the 4th and 5th pleas, are not available on the part of the defendant. To avoid misunderstanding, it may be proper here to observe, that this

opinion extends no farther than the case before us, and nothing is intended to be said ·in respect to the powers of the court on the proper grounds, to exercise them over a submission made, or agreed to be made, a rule or a reference, properly so called, of a pending suit. Although not necessary to the condemnation of the plea, yet it ought not to pass unnoticed because fully discussed at the bar; that the 5th plea is liable to some of the objections assigned as special cause of demurrer. It is entirely too vague and general, and wants the point, precision and certainty, in which so much consist the beauty and essence and utility of special pleading.

FORD, J. To debt for the penalty of an arbitration bond, the defendant prayed oyer of the condition, and then pleaded six pleas. The plaintiff demurred specially to the 4th and 5th, which was as follows: 4th plea, *actio non*, because the said defendant was, by the said arbitrator, denied the privilege of hearing and examining witnesses relative to said accounts; and that the said arbitrator heard the said William Sherron, and examined his witnesses in part, in the absence of the defendant, and without notice to him to be present and attend at such hearing and examination. 5th plea, *actio non*, because the said arbitrator, in re-stating and settling the said accounts, and making the said award, committed great errors and mistakes in law and fact.

The first question is, whether extrinsic matters, not appearing on the face of the award, are pleadable in bar of the action. I apprehend the law concerning submissions and awards to be perfectly settled. By the common law, a submission to arbitration could not be made a rule of court, unless there was an action depending in court. In that case either party not performing the award of the arbitrator, was in disobedience of a rule of court, and punishable for the contempt in a summary manner, by way of attachment.

But a court, proceeding in this summary way, on motion, and without writ, always considers itself in the exercise of an *equitable jurisdiction;* and, therefore, if an award be obtained under their rule, illegal on the face of it, they will set it aside if complaint be made of it before the last day of the next term ensuing the award. They have a right to do so, because it is proceeding under one of their rules. But it is at the same time an equitable jurisdiction, and therefore they will listen to every ground of relief that may be shewn for cause in a court of equity. This equitable jurisdiction over awards made in pursuance of a rule of court, upon motion, in a summary way, either to set them aside for just cause, or to enforce them when regular, by attachment, became so easy, cheap, expeditious and desirable, that the legislature saw fit to extend it to cases not otherwise within the *power of the courts.* For where no action was depending, there were no parties in court, nor any *cause* in which a rule could be entered. The statute of 9 J. 10 W. 3 c. 15, removed this difficulty by authorizing the entry of a rule wherever the parties in their submission should *agree* to have it done; which provision is incorporated in our code. *R. L.* 158, *sec.* 1 and 2. Hence the equitable jurisdiction of the court over awards, *arises out of the rule,* and where the submission is not a rule of court, there is no jurisdiction. Thus in the case of *Lucas* v. *Wilson,* 2 *Burr* 701, *Lord Mansfield* says, the statute was made to put submissions to arbitration, where no cause was depending, on the same foot as those where there was a cause depending. That the statute is only declaratory of what the law *is,* in actions depending, that are submitted by rule of court. In *Brodwick* v. *Thompson,* 8 *East* 344, the court said they had an equitable jurisdiction wherever the submission is made a rule of court.

Now in the present case the court has no summary power or equitable jurisdiction over the award, because the submission is not by rule of court. It does not come before us on motion, either to set aside the award or to enforce it by

attachment, but in the form of a special plea in bar, and we have no power over it, if the award be legal on the face of it. So it is laid down in *Kyd on awards*, 327. ·When the submission is by the *mere act of the parties*, then, in order to be relieved against the award, on account of any extrinsic circumstances, the defendant cannot make them a defence to the action, nor give in evidence anything to impeach the conduct of the arbitrators; the award is a determination of judges chosen by the party himself, and nothing extrinsic to that judgment can be offered in evidence to overturn it. The only relief is in equity. In 1 *Saund.* 327, *note* 3, it is laid down, that the defendant ·cannot *plead* in avoidance of the award, collusion or misconduct of the arbitrators. There seems to be no *case* or *dictum*, where a plea of this sort has been held to be pleadable, nor is a precedent of such plea to be found in books of entries. In the case of *Wills* v. *Maccarmick*, 2 *Wils.* 148, the court says: there is no case where this matter hath been pleaded; the remedy is in equity. In *Newland* v. *Douglas*, 2 *Johns.* 62, the court says: a court of equity may relieve against the partiality or corruption of arbitrators, but there is no such remedy at law, unless the submission is by rule of court. The same was ruled again in 3 *Johns.* 212, *Cranston* v. *Kinney;* and 2 *Vez.* 315, *Lord Hardwick* said, he knew of no case at law where it had been done.

The court would be glad to relieve the party without sending him to a court of equity, if it had the power of doing so; but to assume that power against such a stream of decisions, without a solitary precedent to countenance it, would set afloat what has been established for years. If the parties wish to give this court jurisdiction over their awards, the law has provided an easy way for them to do it, by agreeing to make their submission a rule of court. But they cannot be compelled. The statute gives them an option not to do so, and we cannot take it away. It becomes unnecessary to inquire in the second place, whether these pleas are sufficient

Sherron *v.* Wood.

in point of form, there being no form in which the matters therein contained can be offered in bar of the action on the award. Judgment therefore must be rendered for the plaintiff on each of the demurrers.

Drake, J. The action of the plaintiff is brought on an arbitration bond. The controverted questions arise upon demurrers filed to the fourth and fifth pleas. The *fourth* plea alleges, in bar of the action, that the defendant was, by the said arbitrator denied the privilege of hearing and examining witnesses relative to the matters submitted, and that the said arbitrator heard the said William Sherron, and examined his witnesses *ex parte*, in the absence of the defendant, and without notice to him, &c. If this be so, it is ground for relief by bill in equity; or, in cases where the submission has been made a rule of court, the award may be set aside on motion; but it cannot be set up as a defence to an action on the arbitration bond. The cases are uniform on this subject. 2 *Wilson* 149; 8 *East* 344, &c. The cases in 2 *Halsted* 430, and 16 *East* 58, where the arbitrators refused to consider of a part of the matters submitted to them, are decided upon the ground that the award is void, from the arbitrators never having taken upon themselves the burthen of the arbitrament, comformably to the submission.

The *fifth* plea alleges, in bar of the action, that the arbitrators committed great errors and mistakes in law and fact, without pointing out what errors or mistakes. It is justly objected to this plea, that is too uncertain, that it is double, and that it is incapable of trial, embracing the peculiar subjects of attention for both court and jury. See *Com. dig. title pleader, F.* 2, 5, and 34. I am of opinion, therefore, that upon both of the above pleas, judgment should be rendered in favor of the plaintiff.

Judgment for plaintiff.