## DOKE *vs.* JAMES and others.

Where arbitrators pass upon the matters submitted to them, and include also in their determination another matter not submitted, the latter may be rejected and the award will be good as to the residue.

When arbitrators have once made and delivered their award, their powers are exhausted, and they can not afterwards make another award, although they may have discovered that in making the first one they exceeded their powers or committed any other error.

Parol evidence tending to show that the arbitrators did not intend what their determination on its face declares, is not admissible to contradict or impeach the award.

THIS was an appeal from a judgment of the New-York common pleas at a general term, reversing a judgment of a single judge of that court, in favor of Doke, the plaintiff, on a bill of exceptions taken on the trial by the defendants. The case is fully stated in the opinion of MULLETT, J.

[569] *T. M. Gibbs,* for appellant.

*White* and *Doyle,* for respondents.

MULLETT, J. The complaint stated that the defendants con tracted with one John M. Clark to erect for them a building in the city and county of New-York. That the plaintiff sold to Clark building materials to be used by him, and which were used by him towards the erection of the building, and carted and delivered the materials to the building. That Clark having neglected and refused to pay for such materials and cartage, and a balance remaining unpaid and unsatisfied, the plaintiff, on the 31st December, 1848, caused to be delivered to the defendants an attested account of the amount and value of the materials and cartage remaining unpaid, and a notice of his claim, according to the provisions of the " act for the better security of mechanics and others erecting buildings in the city and county of New-York," passed April 20, 1830, and the amendments thereto passed April 13, 1832. That such proceedings were thereupon had under the provisions of the said act and amendments, that two of the persons to whose arbitration the same was referred did, on the 4th of March, 1848, decide that the sum of $29,85 was due and payable from Clark to the plaintiff, and their costs and expenses amounted to $63. That a copy of such decision was served on the defendants on the 7th day of March aforesaid : that at the time of serving the attested account and notice of claim, there remained unpaid to Clark from the defendants on the contract, a sum of money more than sufficient to pay the sum so decided to be due to the plaintiff, and the costs and expenses incurred. That Clark had not paid the sum so decided to be due to the plaintiff and the costs and expenses, but that the sum of sixty-three dollars remained due and unpaid ; for which sum, with interest from the 4th day of March, 1848, the plaintiff prayed judgment. The defendants by their answer virtually admitted the proceedings of the plaintiff under the statute referred to by him, and the arbitration mentioned in the complaint, and alledged that the

Doke v. James.

arbitrators did, on or about the 25th of February, 1848, [570] unanimously decide that there was a balance due and owing by Clark to James Doke the plaintiff, to the amount of $29,85, the said James Doke to pay the costs. That such amount of $29,85 was thereupon paid by Clark to Doke, and was a full discharge of the judgment of the arbitrators. That by reason of such payment in full by Clark, the contractor, the plaintiff had no claim on the defendants; and if there be any such decision of a majority of the arbitrators, as is averred in the said complaint, it was made at some time subsequent to their first and final decision, and was wholly void and of no effect: and therefore the defendants claimed that they were in no way indebted to the plaintiff.

The plaintiff replied, that the arbitrators mentioned in the answer did not at any time decide that James Doke was to pay the costs, as alledged in the answer; but that the only decision made by them was that mentioned and set forth in the complaint. And the plaintiff in his replication insisted that by the statute the costs and expenses of the arbitration, when certified by the arbitrators, are to be paid by the party against whom the award is made. And that any decision of the arbitrators, as to who should pay the costs and expenses would be illegal and unauthorized, and could not alter the liability imposed by the act. The pleadings were all verified by the affidavits of the respective attorneys according to their belief.

The bill of exceptions states that "the issues above joined came on to be tried at a special term held on the first Monday of February, 1849, before the Hon. Michael Ulshoeffer, first judge, and a jury; that the plaintiff, to maintain the issue on his part, called George Paulding as a witness, who testified that he was one of the persons to whom the matter in the complaint was referred; that the other referees were Joseph D. Baldwin and William P. C. Stebbins; that the paper which was handed to him by the counsel for the plaintiff was signed by himself and Baldwin, a majority of the said referees in the matter referred to them, the other referee refusing to sign. The paper was as follows:

[571] " The undersigned William P. C. Stebbins, George Paulding and Joseph D. Baldwin, having been appointed arbitrators as to certain matters in difference between James Doke and John M. Clark, and having heard the proofs and allegations of the parties and duly deliberated thereupon, do hereby award and report that the sum of $29,85 is due and payable from the above named John M. Clark to the said James Doke, and that our costs and expenses amount to sixty-three dollars. In witness whereof we have hereunto set our hands and seals this 4th day of March, A. D. 1848.                                    [L. S.]

                                              GEO. PAULDING.    [L. S.]
                                              JOHN D. BALDWIN.  [L. S.]"

On his cross-examination this witness testified that there was a paper signed by all the arbitrators as an award, a few days previous to the signing of the one above produced, and on receiving a paper from the defendants' counsel, testified that that was the paper first signed by all the arbitrators. The paper was read, and is as follows:

" The undersigned William P. C. Stebbins, George Paulding and Joseph D. Baldwin, having been duly appointed as arbitrators as to certain matters in difference between James Doke and John M. Clark, and having heard the proofs and allegations of the said parties and duly deliberated thereupon, do hereby award and determine that the sum of $29,85 is due and payable from the above named John Clark to the said James Doke, and that our costs and expenses, amounting to sixty-three dollars, shall be paid by the said James Doke. In witness whereof we have hereunto set our hands and seals this 25th day of February, A. D. 1848.

                                              WM. P. STEBBINS.   [L. S.]
                                              GEO. PAULDING.     [L. S.]
                                              JOSEPH D. BALDWIN. [L. S.]"

The plaintiff's counsel then proposed to prove by the witness, that the paper dated February 25, 1848, did not in fact contain the decision of the arbitrators; that it was signed by them without understanding its meaning and effect; and also that a

fraud had been practised upon them and they had been induced to sign it by misrepresentations made to them. And [572] that on Paulding and Baldwin ascertaining that the paper signed by them was not drawn in accordance with the decision made by them, they notified Mr. Stebbins, the other arbitrator, to attend another meeting; that they again met, and the majority of the arbitrators then made out their decision in writing and signed the same, being dated the 4th of March, 1848. This testimony was objected to on the part of the defendants, both on the ground of the incompetency of the evidence and the incompetency of the arbitrators to impeach their own award, but was finally admitted by the judge, and his decision excepted to on the part of the defendants. This witness and Mr. Baldwin, another of the arbitrators who was called by the plaintiff, testified in substance that they acted as arbitrators in the matter between Doke and Clark, before and on the 25th of February, 1848; that on the 25th of February they all agreed upon a report in favor of Doke for $29,85, and found the expenses to be $63, but that they did not then decide who should pay them. That Mr. Stebbins, the other arbitrator, proposed to get the award drawn up by a person who understood how to draw it, and that they should meet the next day and sign it. That they did all meet the next day, when Mr. Stebbins presented the award of the date of February 25; that they read it, had some dispute about the meaning of the clause which stated that Doke should pay the costs and expenses, but finally signed it. That afterwards Mr. Paulding procured another meeting of the arbitrators, which took place on the 4th of March, when the award of that date was made up and signed by him and Mr. Baldwin, Mr. Stebbins refusing to sign it. Mr. Stebbins, the other arbitrator, who was called by the defendants, testified that the award of February 25 was made as he understood the decision of the arbitrators. That he never agreed that Clark should pay the costs and expenses; that it was his intention that Doke should pay them; that all the arbitrators signed the award, and he delivered it to Mr. Van Antwerp, who said the award was not right, but paid him his fees

as referee in the presence of Mr. Baldwin. It was admitted by the pleadings that upon the making of the award of Feb. 25, [573] Clark paid Doke the $29,85 awarded in his favor. It was also admitted that the plaintiff had paid the costs and expenses of the arbitration.

The defendants' counsel then asked the court to charge the jury, that under the pleadings in the case the only issue of fact for the jury was whether or not the arbitrators made the original award of February 25, 1848, and that on this point they should find for the defendants; also to charge the jury that the first award was plain and intelligible enough to be interpreted by itself, and that they could not look outside for its meaning; but the court declined so to charge, and the defendants' counsel excepted. The judge then directed the jury to find in the affirmative or negative the following issues: *First.* Did the referees in fact decide that James Doke himself was to pay the costs and expenses? *Second.* Was the first paper, dated 25th of February, 1848, signed by the referees Paulding and Baldwin, by any fraud practised on them by Stebbins, the other referee? And charged the jury that on the whole record the plaintiff was entitled to a verdict. That under the statute the arbitrators had no power to award who should pay the costs, that the costs necessarily fell upon the contractor. That an award in violation of the statute as to costs is void, and may be disregarded as to costs; or the arbitrators may meet afterwards and make a new award, avoiding the clause as to costs. To this charge the defendants' counsel excepted, on the grounds 1. That the question who the arbitrators intended should pay the costs was not a question of fact to be submitted to the jury, but of law to be decided by the court on the face of the paper itself. 2. That if the first award was null and void under the statute, the defect could not be cured by another award, which the arbitrators had no power to make after the execution and delivery of the first award. The court overruled both the points, and charged the jury that in view of either award the plaintiff's right to costs must be regarded. To which the defendants' counsel excepted. The jury determined both questions specifically submitted to

them in the negative, and found a verdict for the plaintiff for $68 damages and six cents costs, upon which the judge gave judgment for the plaintiff, from which the defendants ap- [574] pealed to a general term of the said court, where it was reversed. The cause now comes here by appeal from the judgment of the general term, and is submitted upon written points and arguments.

The plaintiff founded his action on the award made March 4th, 1848, and his right to recover depended on his establishing that award, which necessarily involves the authority of the arbitrators to make it. The pleadings and the course taken by the parties on the trial, assumed that the plaintiff and John M. Clark had, some time previous to the 25th of February, 1848, submitted the claim of the plaintiff against Clark for building materials and cartage, to the arbitration of three men, pursuant to the " Act for the better security of mechanics and others erecting buildings in the city and county of New-York," passed April 20th, 1830, and the amendment thereto passed April 13, 1832, and the proof shows that those three men were William P. Stebbins, George Paulding and Joseph D. Baldwin. On the trial the plaintiff produced and proved by two of the arbitrators a paper purporting to be an award of a majority of the arbitrators upon the subject matter submitted to them, dated the 4th of March, 1848, by which it was awarded and determined that the sum of $29,85 was due and payable from Clark to the plaintiff, and that their costs and expenses amounted to $63. But it was clearly proved by the cross-examination of these witnesses, and by the other arbitrator, who was called by the defendants, that on the 25th of February preceding, the arbitrators had all met, heard the proofs and allegations of the parties upon the subject matters submitted to them, duly deliberated thereupon and agreed upon an award, which was to be reduced to writing and signed by them the next day, to which they adjourned for that purpose. That on the next day, Mr. Stebbins, one of the arbitrators, presented the written award, dated February 25, 1848, by which it was awarded and determined that the sum of $29,85 was due and payable from Clark to the plaintiff, and

that their costs and expenses, amounting to sixty-three dollars, *should be paid by Doke,* which award was read by all the arbi- [575] trators, and (although some of them objected to the clause which ordered Doke to pay the costs,) was signed and sealed by all of them.   The case shows too, that this award was delivered to the parties, for it is admitted by the pleadings, and not denied by the plaintiff on the trial, that Clark, upon the making of the award of the 25th of February, paid to the plaintiff the $29,85 awarded in his favor, and it is proved by Mr. Stebbins that the award was delivered to Mr. Van Antwerp, one of the attorneys for the plaintiff, who, although he thought it was wrong, paid the arbitrators' fee.   It is true that two of the arbitrators testified, on the trial of this action, that they were mistaken or misled by Mr. Stebbins in reference to the construction of the claim awarding that their costs and expenses of the arbitration should be paid by Doke, that they did not intend so to award, and procured the meeting of the arbitrators on the 4th of March, for the purpose of correcting the award in that respect, but the judge erred in admitting the testimony.   The award of February 25, upon the matters submitted, was conclusive between the parties until set aside, and no parol testimony, not even of the arbitrators, was admissible to contradict or impeach it.   (*Newland* v. *Douglass,* 2 *John.* 62 ; *Barlow* v. *Todd,* 3 *id.* 367 ; *Perkins and wife* v. *Wing and another,* 10 *id.* 143, *Kent, J.* 147 ; *Wheeler* v. *Van Houton,* 12 *id.* 311 ; *Emmet* v. *Hoyt,* 17 *Wend.* 410 ; *Nelson, Ch. J.* 413; *Fidler* v. *Cooper,* 19 *id.* 284, *Bronson, J.* 287 ; *Dater and another* v. *Wellington,* 1 *Hill,* 319.)

But it is claimed, by the plaintiff, that the question who should pay the costs and expenses of the arbitrators, was not submitted to them, and therefore that their award of the 25th of February on that subject, was unauthorized.   Suppose that were so, (which is not intended to be decided,) still the award would only be void *pro tanto,* and would stand good and conclusive as to the matters confessedly submitted, and which were also embraced in the pretended award of March 4th.   (*Martin and*

*others* v. *Williams,* 13 *John.* 264; *Jackson* v. *Ambler,* 14 *id.* 96; *McBride* v. *Hogan,* 1 *Wend.* 326; *Savage, J.* 340.)

The award of February 25th, 1848, exhausted the powers of the arbitrators, and they had no more power to make a subsequent award upon the same subject, without the consent [576] of the parties, than they would have had to make an award without any submission. This follows from the nature of the power conferred on them, and the conclusive character of a final award. (*Henfra* v. *Bromley,* 6 *East,* 319; *Irvin* v. *Elnor,* 8 *id.* 54; *Caldwell on Arbitration, Eng. ed.* 68.) The award of the 4th of March, which was the foundation of the plaintiff's action, was a nullity, and that being overthrown the plaintiff's action falls with it. The learned judge who presided at the trial erred in charging the jury that " on the whole record the plaintiff was entitled to a verdict." And whether or not he was correct in ruling " that under the statute the arbitrators had no power to award who should pay the costs, that the costs necessarily fell upon the contractor; that an award in violation of the statute as to costs was void and might be disregarded as to costs;" yet he erred in deciding that the arbitrators might meet afterwards .and make a new award, avoiding the clause as to costs. He also erred in ruling that in view of either award the plaintiff's right to costs must be regarded. The first award was not made the basis of the plaintiff's action, and could not be used to prop it up. This view of the case does not reach the question whether, in proceedings of this nature, the owners of buildings are liable to pay the costs and expenses of an arbitration between the claimant and the contractor. Although the court, at the general term, whose judgment we are reviewing, in their opinion sent to us, discussed that question at some length and with great ability and clearness, yet we have not considered it as necessarily included in the case before us. The judgment appealed from is clearly right upon the other ground alluded to by the court and more particularly examined here, and must be sustained.

Judgment affirmed.