### ADAMS *against* WILLOUGHBY.

THIS was an action of *covenant.* The declaration stated, that on the 11th *August,* 1806, *Josiah Fuller* was indebted to the plaintiff in 102 dollars and 29 cents, on the settlement of accounts, with interest to 13 dollars; and in four notes, all amounting to 88 dollars and 25 cents principal, and 14 dollars and 87 cents interest; also, on an unliquidated account, amounting to 68 dollars and 6 cents; also on a receipt for moneys of *Charles Seldon & Co.* for 125 dollars principal, and 1 dollar and 80 cents interest, which unliquidated account was composed of the various items which were specified; and the defendant, by his writing, under hand and seal, dated 20th *April,* 1807, stated, that *Josiah Fuller* had, on the 11th *August,* 1806, sold and delivered to the plaintiff one pair of horses, two cows, one waggon, one sleigh and harness, for moneys *owing,* and services *to be* performed; and the plaintiff promised to redeliver the said articles, at any time within six months, on being paid his just demands; which writing further stated, that *Josiah Fuller* and the plaintiff made a settlement on the 15th *March,* 1806; and that there was due to the plaintiff 102 dollars and 29 cents; and that the plaintiff, in consideration of the sum of

In an action of *covenant,* where some of the breaches are well assigned, and some not, and there is a demurrer to the whole declaration, the plaintiff will have judgment for the breaches which are well assigned.

102 dollars and 29 cents, and such other sum as the said *Josiah* might owe, and for which the above articles were pledged, (the amount of the sum not liquidated for services not performed, to be determined by three persons, who were named, to whom the plaintiff and the defendant had submitted ; and the defendant having agreed to pay the sum, or sums of money, on or before the 1st day of *May*, then next ensuing,) the plaintiff assigned over to the defendant the above articles pledged.

The plaintiff averred, that in addition to the 102 dollars and 29 cents, so liquidated, the said *Joseph Fuller* did, on the 11th *August*, 1806, justly owe to the plaintiff 287 dollars and 98 cents, besides 3 dollars interest, making in the whole 403 dollars and 27 cents, and for the payment of which the said articles were pledged, and which the defendant, by his covenant, agreed to pay as aforesaid. The plaintiff also averred, that though he had performed all things on his part to be performed, yet the defendant had not paid to him the sum specified to be paid, but had broken the covenant, &c.

To this declaration there was a general demurrer and joinder.

*Weston*, in support of the demurrer.

*Foot*, contra.

*Per Curiam.* The instrument upon which the suit is brought is miserably defective in precision, and it is not easy to apprehend clearly its meaning. The only liquidated sum, at the date of the covenant, was the 102 dollars and 29 cents. The goods were pledged to the plaintiff for moneys owing, and for services thereafter to be performed, but how much was owing does not appear. All the unliquidated accounts and demands were,

by agreement of the parties, referred to three arbitrators, to be liquidated and ascertained ; and the defendant was to pay such sum as they should adjudge to be due. This is the just construction of the covenant, and as no such reference has been made, nor any effort on the part of the plaintiff to procure it, (for none is shown or averred,) the plaintiff is not entitled to his action for any such demand. The reference and determination of the arbitrators was a condition precedent, which the plaintiff was bound to show had been performed. So far the declaration has failed in stating a cause of action. But the liquidated sum of 102 dollars and 29 cents, the defendant was bound to pay, without such reference, and to that extent the covenant has been broken. And in covenant, if some breaches be well assigned and some not, and there is a demurrer to the whole declaration, the plaintiff shall have judgment for those breaches which are well assigned. (2 *Saund.* 380. *Cro. Jac. 575.*)

There were objections made to the form of the declaration ; and it is not, perhaps, well drawn, either in the manner of stating the covenant, or in the assignment of the breach ; but as these are matters of form, and not of substance, they may be overlooked on a general demurrer.

The declaration, therefore, may be considered as good, so far as it relates to the non-payment of the 102 dollars and 29 cents ; and the plaintiff is entitled to judgment for that breach of the covenant.

Judgment accordingly.