NEW YORK,
May, 1816.

MARTIN
v.
WILLIAMS.

---

### MARTIN AND OTHERS against WILLIAMS.

Where there is a general demurrer to a declaration containing both good and bad counts, judgment will be given for the plaintiff.

So, where several breaches are assigned in a declaration, some of which are well assigned, and others not, and the defendant demurs generally, judgment will be given for the plaintiff.

THIS was an action of debt. The plaintiffs declared on a bond, dated the 2d of *August*, 1814, in the penalty of 10,000 dollars. The defendant craved oyer of the bond, the condition of which recited, that a contention subsisted between the parties respecting the title to 200 acres of land, being part of lot No. 34., in the town of *Whitehall*, in the county of *Washington*, and that two actions of ejectment were proceeding in this court, on the demise of the plaintiffs; the one against *Stephen Wood*, as tenant in possession of some part of the said 200 acres; and

So, where the plaintiff assigns breaches in his replication, some of which are well assigned, and others not, and the defendant demurs generally, judgment will be given for the plaintiff.

Where part of an award, which is void, is not so connected with the rest as to affect the justice of the case, the award is void only *pro tanto*.

An award requiring one of the parties to the submission to cause a third person, whom it does not appear he has any right to dispossess, to deliver the possession of land to the other party, is void.

against *Wait Webster*, as tenant in possession of some other part thereof; and an action of trespass for the mesne profits against *Reuben Pratt*, against whom a recovery had been had in an action of ejectment, on the demise of the plaintiffs, for part of the said two hundred acres; and an action of ejectment, on the demise of the defendant, against the said *Reuben Pratt*, as tenant in possession of some part of the said two hundred acres; which said title and actions, and the subject matters thereof, and all difference, contention, and demands, concerning the same, and the profits of the said land, the parties have agreed to refer to the award of three persons named therein; and that it was agreed, that the arbitrators, in hearing the proofs and allegations, and in making their award, should proceed and govern themselves according to the rules of law and equity, as far forth as the same might be applicable to the subject matter of the submission, and that the arbitrators should award costs to be paid by the parties respectively, against whom they should determine, having respect to the several actions above named; and that the arbitrators should meet on the 12th of *September*, after the date of the bond : therefore, the condition was, that if the defendant, his heirs, &c., should observe, &c., the award, &c., which the said arbitrators, or any two of them, should make in writing, under their hands and seals, ready to be delivered to the parties, on, or before, the first of *March* next, then the obligation to be void, &c. And the defendant then pleaded, that the arbitrators mentioned in the condition of the bond, or any two of them, did not make their award in writing, under their hands and seals, of, and concerning, the premises, and ready to be delivered to the parties, on, or before, the first of *March*, 1815.

The plaintiffs replied, that the arbitrators mentioned in the condition of the bond met at *Salem*, in the county of *Washington*, on the 23d of *February*, 1815, and that two of the arbitrators made their award in writing, under their hands and seals, ready to be delivered, whereby they awarded as follows : First, That the title of the 200 acres of land in question (setting forth their boundaries) belonged to the plaintiffs, as heirs at law of *Moses Martin*, deceased, and not to the defendant, as heir at law of *John Williams*, deceased; *also*, that the said actions should be discontinued; and that the defendant cause the said *Wait Webster* to deliver up to the plaintiffs the possession of

NEWYORK,
May, 1816.

MARTIN
v
WILLIAMS.

so much of the said 200 acres as was in his possession on, or before, the 1st of *April* then next; and that the defendant should pay the plaintiffs 63 dollars, being the profits of so much of the land as was in the possession of *Webster*; and 72 dollars and 35 cents, being the costs of the action of ejectment against *Webster*; and that, in like manner, he cause *Stephen Wood* to deliver up his possession to the plaintiffs, and pay them 189 dollars, for the profits of the land, and 72 dollars and 35 cents, the costs of the action of ejectment against *Wood*; and, also, that the defendant should pay to the plaintiffs 242 dollars, for the profits of so much of the 200 acres as was in the possession of *Reuben Pratt*, and 27 dollars and 29 cents, the costs of the action for mesne profits against *Pratt*; and, that the defendant should pay to the plaintiffs 10 dollars and 45 cents, the costs of defending the action of ejectment, on the demise of the defendant against *Pratt*; and that the defendant should pay to the plaintiffs the sum of 92 dollars and 12 cents, being the costs of the arbitration; the said several sums to be paid by the first day of *April*, then next, with interest. Of this award the defendant had notice, and the plaintiffs aver, that the 200 acres of land, submitted to the arbitrators, are the same 200 acres described in the award; and that they were claimed by, and belonged to, some of the plaintiffs, as heirs at law of *Moses Martin*, deceased, and to the others in the right of their wives, being also heirs at law of *Martin*; and that the defendant claimed as heir at law of *John Williams*, deceased; and that *Wood* and *Webster* held under the defendant, and were his tenants, and that the actions of ejectment against them were brought, by the plaintiffs, to recover possession of so much of the said 200 acres as were in the possession of *Wood* and *Webster*, and that those actions were defended by the defendant in this suit; and the plaintiffs further aver, that, after the making of the award, the said several actions, pending in the supreme court, have ceased, and been no further prosecuted by the plaintiffs, or either of them, or either of their means, consent, or procurement; nevertheless, the plaintiffs further aver, &c.; assigning breaches, in which the words of the award are pursued, and the performance, by the defendant, of all the particulars of the award, severally negatived.

To this replication there was a general demurrer, and joinder in demurrer.

*Z. R. Shepherd,* in support of the demurrer, contended, that the averments in the replication were not supported by the award. The plaintiff has endeavoured to support the award by averring facts *dehors* the submission. An award is in the nature of a judgment, and must be expounded by itself.* It cannot be aided by the averment of matters extrinsic.

NEWYORK,
May, 1816.

MARTIN
v.
WILLIAMS.

*Bac Ab Arbit.
and Award, (E.)
9 Johns Rep 38.
2 Johns. Rep 62.

Again, if any part of the award is bad, it is fatal on demurrer, though the plaintiff, in his replication, assign breaches to the whole.†

† 2 Caines' Rep.
225 2 Wils. Rep.
267.  Doug. 684.

The award, in this case, is neither certain nor final. It does not appear what land, or how much, the tenants respectively held, so that it could be known how much was to be given up.

The award imposes a duty on the defendant which he cannot lawfully perform, namely, that he should cause the tenants to quit the possession. The arbitrators first award, that the defendants have no right to the land, and, next, that they should turn the tenants out of possession. An award, that a stranger to the submission shall do an act, is void.‡ On the same principle, an award that the party shall cause a stranger to do an act, must be void.

‡ 1 Roll. Ab. 249,.

Again, the award directs the defendant to pay the costs of a certain suit brought by them against *Pratt,* but it ought to appear that the plaintiffs had some interest in the thing awarded.

*Crary,* contra, contended, that the averments in the replication were merely to render that certain in the submission, or award, which might, otherwise, be uncertain. They go to support the award, and do not contradict it ; and the rule is, that an averment may, in some cases, be admitted to support an award.§ It is enough if there is any thing in the submission to justify the averment. Even if the averments are not supported by the submission and award, it is very questionable whether the defendant can take advantage of it. He ought to have craved *oyer,* and, after setting them forth, he may have demurred.‖

§ Kyd on Awards,
205  1 Ld.Raym.
612.

In *Adams* v. *Willoughby,*** the court said, that if in an action of covenant some of the breaches were well assigned, and some not, and there was a demurrer to the whole declaration, the plaintiff shall have judgment for the breaches which were well assigned.

‖ 1 Chitty on Pl.
415, 416.   Ld.
Raym. 1135.  2
Saund. 60. n. 3.
366.   n  1.   3
Johns Rep 410.
** 6 Johns. Rep.
65.

Though things in the realty may be submitted to arbitration, they cannot be recovered on the award.†† But the plaintiff

†† Ld.  Raym.
114, 115.

NEWYORK,
May, 1816.

MARTIN
v.
WILLIAMS.
* Ld. Raym.
246  2 Caines'
Rep. 320.
† Purdy v. De-
lavan, 1 Caines,
304.

‡ 2 Saund. 293.
and note (1)
1 Roll. Ab. 259.
pl. 9.

will recover damages on the assignment of the breaches; and the value of the land is the measure of damages.

If one person submit for another, he is bound by the submission.*

The award that the suits shall be no further prosecuted is final, and a perpetual bar.†

*Shepherd*, in reply, said, that a party could not pay a sum in lieu of the duty awarded. The award ought to have been in the alternative, either to give possession of the land, or to pay so much money, being the value of it. The case of *Pope* v. *Brett*‡ supports the position, that where an award in any part is void, so that one of the parties cannot have the benefit intended, the award is void in the whole.

*Per Curiam.* Several exceptions have been taken to the award; such as, that it is uncertain, not final, and requires the defendant to do impossible acts, in obliging strangers to give up the possession of lands to the plaintiffs.

It will not be necessary to discuss or consider, with great minuteness, several of the points insisted on. If it be conceded that the award is void, so far as respects the defendant's causing *Webster* and *Wood* to deliver up possession of the lands they held, on the ground of uncertainty in regard to the extent of their possessions, and on the ground that the defendant is required to cause strangers to the award to do acts; still it does not follow that the whole award is bad, or that the demurrer is well taken. It is a principle thoroughly settled, that if a declaration contain good and bad counts, and there is a general demurrer to the whole, judgment must be for the plaintiff. (3 *Caines' Rep.* 89.) Again, if a plaintiff, in his declaration, assign breaches, and some of which are well assigned, and some not, on a demurrer to the whole declaration, the plaintiff shall have judgment for the breaches which are well assigned. (*Adams* v. *Willoughby*, 6 *Johns. Rep.* 65.) This latter rule is strictly applicable to this case; for the plaintiffs had their election, either to bring an action of debt on the award, or to pursue the method they have adopted; in which case *Kyd* (on *Awards*, 280.) says, the whole question arises on the replication "as on an original declaration." The principle that a replication bad in part is bad in whole, is not applicable to such a case. That principle

means substantial, constituent parts of a replication, and does not reach a case where the question relates merely to the damages a party is entitled to recover. Testing this replication by these rules, it is clearly good; the recitals preceding the submission, and the very object of the submission, show, satisfactorily, that the parties were respectively claimants, as owners of the 200 acres of land stated in the submission. The suits, in relation to which the arbitrators awarded, were distinctly submitted; the subject matter of these suits, the profits of the land, and all differences, contentions, and demands concerning them, and the costs of those suits. It was not necessary to aver, that the persons mentioned to be in possession were the tenants of the defendant; that is to be inferred from the recitals and submission; but if they were not tenants, the defendant, claiming to be the owner of the land, saw fit to submit the title, the mesne profits, and the costs of the specified suits, and he is bound by the event.

It was urged, that if the award were void in requiring the defendant to dispossess the tenants, then, inasmuch as that part of the award which directed the suits to cease, would also fail, the award would be void *in toto*, for want of mutuality.

The delivery of possession is wholly disconnected with the cessation of the suits; they are terminated by the award, and, consequently, this award does not fall within the principle that that part of the award which is void is so connected with the rest as to affect the justice of the case between the parties; and, therefore, the award is void only *pro tanto*.

We are of opinion that the award is void as respects the delivery of possession by the tenants, for it does not appear that the defendant has the right or power to dispossess them; he is, therefore, required to cause strangers to the award to do acts which he cannot control.

Judgment for the plaintiffs, accordingly.