## Case No. 14,221.

### TUCKER v. LEE.

[3 Cranch, C. C. 684.] [1]

Circuit Court, District of Columbia. Dec. Term, 1829.

APPEAL BOND—BREACH—INDEMNITY—DAMAGES—PLEADING—PLEA—DISJUNCTIVE CONDITION—VERIFICATION.

1. In an action upon an appeal-bond, given upon a writ of error to the supreme court of the United States, the breach to be assigned must be a single breach, denying each alternative; that is, it must aver that the plaintiff in error did not prosecute his writ to effect, nor make his plea good, nor answer the damages and costs; which damages and costs the plaintiff must specially set forth.

[Cited in Bank of Metropolis v. Swann, Case No. 902.]

2. The plaintiff in error is not bound, at all events, to answer the damages adjudged to the defendant in error in the supreme court; he is only to indemnify the defendant in error for whatever losses he may have sustained by the judgment's not being satisfied, and paid after affirmance.

3. The damages and costs must be made to appear, at least, in the allegation of the breach. They are not such as the law implies, but are special damages, which must exist before a cause of action, on the bond, can accrue to the plaintiff.

4. A plea is bad, which purports to be a plea to the whole declaration, and yet covers only a part.

5. To an action upon an appeal-bond, setting forth a special breach, it is not a good plea to say that the plaintiff is not damnified by any thing in the condition mentioned. The only design of the general plea of non damnificatus is to force the plaintiff to assign a breach of the condition; but when the breach is already specially assigned, the plea must answer that special assignment.

6. When a condition is in the disjunctive, the defendant must, by his plea, show which part he has performed.

7. When the plea is not a direct denial of some material fact stated in the declaration, it should conclude with a verification.

8. In an action upon an appeal-bond, the damages may not be limited to the averment of damages accruing upon affirmance of the judgment, and adjudged by the supreme court to the plaintiff, for his delay and his costs.

9. The court, upon the issues of fact, refused to instruct the jury, that the plaintiff was not entitled to recover damages for the amount of the original judgment, in a suit upon the bond.

Debt upon an appeal-bond, given upon the issuing of a writ of error, upon a judgment of this court, against Peter R. Beverly, in

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

favor of Henry St. George Tucker. The bond was given by the said P. R. Beverly, as principal, and the defendant, Henry Lee, as surety. The condition of the bond, after reciting the judgment, &c., is as follows: "Now if the said Peter R. Beverly, the plaintiff in error, shall prosecute his writ to effect, and answer all damages and costs if he shall fail to make his plea good, then the above obligation to be void," &c. The declaration, after setting forth the bond and its condition, assigns the breach thus: "And the plaintiff avers that the said P. R. B., plaintiff in the said writ of error, did not prosecute his said writ of error to effect; and that afterwards, that is to say, &c., the said judgment of the circuit court was in all things affirmed," as by the record, &c.; "and that the said Peter did not answer the damages and costs of the said Henry to the said Henry adjudged, in the said supreme court; and so, the condition of the said writing obligatory the said defendant has not kept, but has wholly broken, whereby action has accrued to the plaintiff to demand and receive from the defendant the said penal sum of $9,233.92." Nevertheless, &c. To this declaration there was a general demurrer; and the only question was, whether the breach is sufficiently assigned.

C. C. Lee, for defendant, contended that the breach was defective, in not setting forth the amount of the damages claimed; and cited 1 Saund. 58; 2 Saund. 187a; Roles v. Rosewell [5 Term R. 540] cited in Hardy v. Bern. Id. 636; Minor v. Mechanics' Bank, 1 Pet. [26 U. S.] 46; 1 Saund. 47; Hazel v. Waters [Case No. 6,283], in this court.

J. Dunlop, contra. The declaration sets forth the judgment below, the writ of error, and affirmance, and the breach, in the words of the statute, namely, did not prosecute his writ to effect; and did not pay the damages, &c. Damages means the whole debt and damages,—indemnity. Brodie v. Catlett, 9 Wheat. [22 U. S.] 553. The judgment upon this demurrer, if for the plaintiff, is peremptory. It is as certain as it could be, unless it were to go on and say, to wit, the sum of ——, and interest, ——, and costs. The first breach is, that he did not prosecute his writ with effect. This is sufficient. The damages are set out in the declaration. 1 Chit. Pl. 643; Roe v. Crutchfield, 1 Hen. & M. 361; Judiciary Act 1789, § 26 (1 Stat. 73).

Mr. Lee, in reply. The only question is, whether it is necessary to set forth a breach of the condition. Saunders is positive. 1 Saund. 58; 2 Saund. 187, 188.

CRANCH, Chief Judge. Upon bonds with collateral condition, the plaintiff must, under the statute of 8 & 9 Wm. III., c. 11, § 8, assign the breach or breaches upon which he intends to recover. Hardy v. Bern, 5 Term R. 636; Wilmer v. Harris, 5 Har. & J. 1; 1 Saund. 58, note 1; 2 Saund. 187a, note 2. And if he undertakes to set them out in his declaration, they must be as precisely averred as in a replication; and if they are all insufficiently set out, the declaration must be adjudged bad upon demurrer. T. Jones, 125; Rea v. Burnis, 2 Lev. 124; Anon. Hardres, 320. But if there be one good breach well set out, the demurrer, if to the whole declaration, must be overruled. Gordon v. Kennedy, 2 Bin. 287; 1 Chit. Pl. 326, note 1; Adams v. Willoughby, 6 Johns. 65. Although if some of the breaches assigned be insufficient, and there should be a general verdict for the plaintiff, the judgment would be arrested. Fletcher v. Peck, 6 Cranch [10 U. S.] 87.

The counsel for the defendant supposes that the breach assigned in this declaration is insufficient, because it does not set forth specially the damages which the plaintiff has sustained, by reason of the judgment's not being satisfied and paid after the affirmance in the supreme court. The counsel for the plaintiff contends, that there are two breaches assigned in the declaration: namely, that the plaintiff in error "did not prosecute his writ to effect;" "and that he did not answer the damages and costs of the said Henry, to the said Henry adjudged by the said supreme court;" and that the first breach is certainly well assigned. To prosecute his writ to effect, is the same thing as to make his plea good. He was not bound to prosecute his writ to effect, and also to answer all damages and costs; for he could not prosecute his writ to effect, unless he should make his plea good; and if he made his plea good, he is not bound to answer the damages and costs. The condition of the bond, then, is really alternative; so that if the plaintiff in error either prosecuted his writ to effect, or made his plea good, which is the same thing, or answered all damages and costs, the plaintiff has no cause of action. The breach to be assigned, therefore, must be a single breach, denying each alternative; that is, it must aver that the plaintiff in error did not prosecute his writ to effect, nor make his plea good, nor answer the damages and costs, which damages and costs the plaintiff must set forth specially; for the plaintiff must have sustained damages and costs, before the condition can be broken by the non-payment of them. The condition is not to "answer the damages and costs of the said Henry to the said Henry adjudged in the supreme court," as averred in the declaration. In the case of Catlett v. Brodie, 9 Wheat. [22 U. S.] 554, the supreme court says: "It has been supposed, at the argument, that the act meant only to provide for such damages and costs as the court should adjudge for the delay; but our opinion is, that this is not the true interpretation of the language. The word 'damages' is here

used, not as descriptive of the nature of the claim upon which the original judgment is founded, but as descriptive of the indemnity which the defendant is entitled to, if the judgment is affirmed. Whatever losses he may sustain, by the judgment's not being satisfied and paid after the affirmance, these are the damages which he has sustained, and for which the bond ought to give good and sufficient security. Upon any suit brought upon such bond, it follows, of course, that the obligors are at liberty to show that no damages have been sustained, or partial damages only; for which amount only is the obligee entitled to judgment."

It is clear, then, that, by the condition of this bond, the plaintiff in error is not bound, at all events, to answer the damages adjudged to the defendant in error in the supreme court; and yet the breach assigned is, that he has not answered them, and them only. By the decision of the supreme court in Catlett v. Brodie [supra] he is only to indemnify the defendant in error for whatever losses he may have sustained, by the judgment's not being satisfied and paid after the affirmance. What those losses were, is not stated in the declaration, nor can they be judicially ascertained by any allegation therein. It is not even averred that the plaintiff has sustained any loss for which the defendant is bound to indemnify him. If the breach vary from the sense and substance of the contract, and either be more limited, or larger than the covenant, it will be insufficient. 1 Chit. Pl. 328. The declaration avers only a single breach, although that breach consists of two negatives; for it was necessary to deny both branches of the alternative condition, in order to show a breach. It is bad, because it avers that the plaintiff has not done what he was not bound to do; and does not deny that he has done what he was bound to do. Before the defendant can be made liable to the penalty of the bond, for not answering the damages and costs, those damages and costs must be made to appear, at least in the allegation of the breach. They are not such as the law implies, and which it is not necessary to state in the declaration, because they are presumptions of law; but they are special damages, which must exist before a cause of action can accrue to the plaintiff. This idea is strongly stated by Mr. Chitty (Pl. 385, 386). "General damages," he says, "are such as the law implies to have accrued from the wrong complained of: special damages are such as really took place, and are not implied by law. It does not appear necessary to state the former description of damages in the declaration, because presumptions of law are not, in general, to be pleaded. But when the law does not necessarily imply that the plaintiff sustained damage by the act complained of, it is essential to the validity of the declaration that the resulting damage should be

shown with particularity." And again in page 389, he says, "if the action be not sustainable independently of special damage, the declaration would be bad on demurrer, or in arrest of judgment."

The plaintiff in error is not bound absolutely to prosecute his writ to effect, or to make his plea good; and, therefore, the law does not necessarily imply damages for not doing it. The condition of the bond gives him another alternative, which, as construed by the supreme court, is to indemnify him for whatever losses he may sustain by the judgment's not being satisfied after affirmance. These are losses which must arise before the bond can be forfeited; and must, therefore be set out in the breach. The only damages which the law would necessarily imply, in this case, would be the damages for not paying the damages actually contracted to be paid. Whenever the amount of these shall be ascertained, the condition of this bond will be equivalent to a condition to pay that sum of money; and in that case the only damages which the law would imply, would be the damages for the non-payment of that sum. We are, therefore, of opinion that the breach of the condition of this bond, is not well assigned and that the judgment upon the demurrer ought to be for the defendant.

There is another objection to the assignment of the breach; and that is, that it says "the said Peter did not answer the damages," &c. It might be true that he did not answer the damages and costs on the first day after the affirmance, and yet he might have answered them before the suit brought, so that the plaintiff might not have had a cause of action at the time of bringing the suit. This does not seem to be "certainty to a common intent." However, our opinion is not founded upon this defect.

THRUSTON, Circuit Judge, not having heard the argument, gave no opinion.

The plaintiff had leave to amend his declaration, which he did by striking out the averment "that the said Peter did not answer the damages and costs of the said Henry, to the said Henry adjudged in the said supreme court," and inserting the following: "Nor did the said Peter R. make his said plea good; nor did he, nor has he the said Peter R., or any other person for him, answered, satisfied, or paid, though often requested by the plaintiff so to do, to wit, the 18th December, 1824, and often before and afterwards, at Washington county aforesaid, the damages and costs sustained by the said plaintiff by the failure of the said Peter R., to prosecute his said writ to effect, to make his said plea good, and to satisfy and pay to the said plaintiff the said recited judgment, so affirmed as aforesaid, in the said supreme court, which said

damages and costs amount to the sum of $4,616.96 with interest thereon, from 22d December, 1820, and ———— costs of suit in the said circuit court, and ———— costs of suit in the said supreme court; but to pay the same or any part thereof, the said Peter R. or any other person for him, hath hitherto refused and still refuses."

The defendant pleaded five pleas in bar. 1. The 1st plea is, "That after signing and sealing of the writing obligatory in the declaration mentioned, and before the commencement of this suit, to wit, on, &c. one William S. Jett and Peter R. Beverly, were held and bound to the plaintiff in a large sum of money, to wit, in the sum of ———— as sureties for one Henry Lee, since departed this life, the said Jett by writing obligatory, and the said Beverly by promissory note, and being thus held and bound to the said plaintiff, he instituted separate suits against the said Jett and Beverly, and recovered judgments against both. That the said Beverly obtained a writ of error, to reverse the said judgment, in and about the obtaining of which writ of error, the writing obligatory, in the declaration mentioned, was sealed and delivered, and after it was so sealed and delivered, and after the commencement of the present action, and before plea pleaded, to wit, on the ———— day of ———— the said William S. Jett, wholly paid and satisfied to the said plaintiff, the said original debt of the said Henry Lee, deceased, of which the said sum of $4,616.96, in the declaration mentioned, with interest thereon, &c. was part. Wherefore, &c. whether the said plaintiff ought further to have and maintain, &c." To this plea there was a general demurrer. 2. Upon the second plea there was an issue of fact. 3. The third plea is a general non damnificatus. To this plea there was a general demurrer. 4. The fourth plea is "that another person, namely, one William S. Jett hath answered, satisfied, and paid to the said plaintiff, the said damages, and of this the said defendant puts himself on the country." To this plea there is a special demurrer. 1st. Because it concludes to the country, when it ought to conclude with a verification. 2d. Because, if good, it amounts to a plea of payment, and ought to have been so pleaded.

CRANCH, Chief Judge, said, as to the first plea: The words "after the signing and sealing of the said writing obligatory, in the declaration mentioned and," may be rejected as surplusage, for they are not at all necessary to the validity of the plea. But the plea is bad because it purports to be a plea to the whole declaration and yet covers only a part. The damages alleged in the declaration, the non-payment of which constitutes the breach assigned, consists not only of the $4,616.96 with interest from the 22d of December, 1820, till paid, but of the costs of suit in the circuit court, and in the supreme court. The plea does not state the payment of that part

of the damages which consists of those costs. It only avers the payment of the whole original debt due by H. Lee, the elder, to Tucker, of which those costs did not constitute a part. It does not aver that the payment made by Jett to Tucker, was made for or on account of Beverly; nor that it was made or received in discharge of the judgment of Tucker against Beverly; nor in full of the damages, which plaintiff is entitled to recover under the bond upon which this action is founded. The plea does not expressly aver that any debt was ever due by H. Lee, the elder, to Tucker; nor that Jett and Beverly were bound to Tucker for any debt due to him by the said Lee. It only avers that they were bound to the plaintiff as "securities" for the said Lee, but for what object or purpose does not appear. It does not aver that they were jointly bound, nor bound at the same time, nor that each was bound for the whole; so that it does not appear what right Jett had to pay for Beverly, or what right Beverly had to appropriate to himself the payment made to Jett. Jett may have originally been sole surety for Lee to Tucker, and Beverly may have come in afterward to release Jett. They might have been not simultaneous, but successive sureties. These are possibilities which are left open by the plea, and show that there is not enough stated in the plea to give Beverly a right to avail himself of the payment made by Jett. But if he could, or even if Beverly himself had paid the original debt and interest due by Lee to Tucker, it would be no answer to the present action so long as the judgment against Beverly remained unsatisfied; it would be only matter of argument to show that the plaintiff had sustained no damage covered by the bond upon which this suit is brought. We are, therefore, of opinion that upon this demurrer the judgment ought to be for the plaintiff.

The 3d plea is a general non damnificatus; that is, "that from the time of making the bond to the day of the commencement of this action, the plaintiff was not damnified by reason of any thing in the condition of the said writing obligatory mentioned; and this the defendant is ready to verify, &c." The plea does not state that the plaintiff was not damnified by any thing in the declaration alleged; nor in manner and form as the plaintiff has averred in his declaration. If he had done so, it would have been a direct denial of the gist of the count, and ought to have concluded to the country, and not with a verification. The plea, perhaps, might have been good, if the condition of the bond, and a special breach of that condition, had not been set forth in the declaration. But it is now no answer to the declaration setting forth such a breach, to say that the plaintiff is not damnified by reason of any thing in the condition mentioned. The general forms of the plea of non damnificatus given in 2 Chit. Pl. 480, 481, are to declarations in which no particular breach, nor any particular damages are set forth. So also

.is the plea in Cutler·v. Southern, in 1 Saund. 116. This general way of pleading is bad upon special demurrer, even to a declaration for non-payment of the penalty. 1 Saund. 116, note 1. And there is no case where it has been permitted after the assignment of a special breach; for the only design of the general plea of non damnificatus is to force the plaintiff to assign a breach of the condition; but when the breach is specially assigned, the plea must answer the special assignment. Williams, in his note to 1 Saund. 116, says, "But in all cases of conditions to indemnify and save harmless, the proper plea is non damnificatus; and if there be any damage the plaintiff must reply it." This shows that the general plea is to precede, not to follow the special assignment. But the condition of this bond is, in effect, in the disjunctive. It is to prosecute his writ to effect, (that is, to make his plea good,) and if he fail to make his plea good, to answer all damages and costs; and whenever the condition is in the disjunctive, the defendant must, by his plea, show which he has performed. Co. Litt. 303b. We are, therefore, of opinion that this third plea is bad, to this declaration; and that the judgment, upon this demurrer also, ought to be for the plaintiff.

The fourth plea is, "That another person, to wit, one William S. Jett, hath answered, satisfied, and paid, to the said plaintiff, the said damages, and of this the said defendant puts himself on the country." To this plea there is a special demurrer. 1st. Because it concludes to the country when it ought to conclude with a verification. 2d. Because, if good, it amounts to the plea of payment, and ought to have been so pleaded. This plea concludes to the country, as if it were a direct denial of a material allegation in the declaration. The averment, to which it purports to be an answer, is, "nor did he, nor has he, the said Peter R., or any other person for him, answered, satisfied, or paid, though often requested," "the damages and costs sustained by the plaintiff," &c. The plea does not say that the said Jett paid the damages for the said Beverly, or at his request; nor does it state any facts which show a right in Jett to pay the damages for Beverly, or any right in Beverly to claim the benefit of that payment. The plea is not a denial of any material fact averred in the declaration, and, therefore, ought not to have concluded to the country. It is therefore bad on general and special demurrer. The court is of opinion that the judgment upon this demurrer ought also to be for the plaintiff.

At a subsequent term, upon the trial of the issues of fact joined upon the second and fifth pleas, the plaintiff read in evidence to the jury the bond and condition upon which the action was founded, and offered no other evidence; but claimed damages to the amount of the original judgment recited in the said condition, with the damages and costs awarded in the supreme court, on the affirmance of the said judgment as stated in the declaration; whereupon the counsel for the defendant, Mr. Lee and Mr. Jones, prayed the court to instruct the jury, that upon the evidence aforesaid the plaintiff was not entitled to recover damages beyond the amount of damages accruing upon the affirmance of the judgment in the said condition mentioned, and adjudged by the supreme court, upon such affirmance, to the plaintiff, for his delay, with the costs adjudged to the plaintiff by the supreme court on such affirmance.

But THE COURT (nem. con.) refused to give the instruction.

Whereupon the defendant prayed the court to instruct the jury, "That the condition of the said bond does not bind the defendant to pay the original judgment in the said condition recited, at all events in case of affirmance, but only such losses or damages as the plaintiff shall show he has actually sustained by means of the writ of error in the said condition mentioned; and that the plaintiff is not entitled to recover damages in this case upon the evidence aforesaid, for the amount of the said original judgment, in addition to the damages and costs so adjudged by the supreme court as aforesaid, as of course; but only for such further losses or damages as he shall, by substantive evidence, show that he has actually sustained by reason of the said writ of error. That the evidence so as aforesaid produced by the plaintiff is not, of itself, and without any other evidence of loss or damage, sufficient to authorize the jury to include in the amount of the damages to be assessed in this case, the amount of the original judgment recited in the said condition to have been recovered by the plaintiff against the said Beverly, in the circuit court of the District of Columbia for the county of Alexandria;" which instruction, also, THE COURT refused to give, being of opinion that upon the issues of fact joined in this cause, the burden of proof is prima facie upon the defendant.

Verdict for the plaintiff, for the whole amount of the judgment recited in the condition of the bond, and costs. The defendant took bills of exception, but did not prosecute a writ of error.