Mr. Chief Justice-ShahKey
delivered the'opinion of the court.
This action was instituted by the. defendant in error tore-cover damages for the speaking and publishing certain slanderous and defamatory words by the plaintiff in error, of and concerning the defendant. The jury gave a verdict for five hundred dollars damages, and the plaintiff brought this writ of error. The several questions raised in argument, are presented by the pleadings, as exceptions were taken only on a single point during *556 the trial. The merits are fully embraced by the assignment of errors, each of which will be considered.
The first error complained of, is said to have occurred in overruling the defendant’s demurrer to the plaintiff’s declaration. The demurrer was to the whole declaration, which contains nine counts; and the causes of demurrer are in substance that the words spoken were not actionable at common law, and that they are not so by the statute, because the declaration does not aver that they were spoken to the plaintiff below, or in his presence. It is now contended that the declaration was defective, -because it does not profess to bring the cause of action within the statute, as it should have done, the words not being actionable at common law, and made so only by the statute. This is an important point in the cause, since it is-manifest the right to recover depends upon the statutory provision. It involves two inquiries: first, whether it is necessary that the declaration should aver that the action was given by statute; and second, if this is necessary, whether it has been done with sufficient certainty in this instance. As to the necessity of such averment, the rule is thus laid down in 2 Saunders on Pleading and Evidence, 830. When the action is given by statute, the,offence charged must appear to have been within the statute, and all circumstances necessary to support the action must be alleged, or in effect appear on the face of the declaration. Archbold lays down the rule thus : “ In an action founded upon a statute, the plaintiff must state in his declaration, every fact necessary to inform the court that his case is within the statute.” Arch-bold’s Civil Pleadings, 94, 145. This seems to us to be a case falling within the influence of this rule. The action is given by the statute, and we see no reason for making this an exception to the rule, which is certainly very general. This rule was held to apply to actions founded on this statute; by the decisions referred to in Walker’s Rep. But whilst we are unwilling to reject this rule of law as inapplicable in the present case, still we think the declaration comes sufficiently within it, to protect it from the operation of a demurrer. The language of the statute is, “ All words, which from their usual construction and *557 common acceptations, ave considered as insults, and lead to violence and breach of the peace, shall hereafter be actionable, and no plea, exception, or demurrer shall be sustained in any court within this state, to preclude a jury from passing thereon, who are hereby declared to be the sole judges of the damages sustained.” H. & H. Dig. 547, sec. 6. The question is, what must be averred to give the plaintiff the benefit of this statute ? An averment that the words, according to the common acceptation, were insulting, and calculated to lead to violence and breach of the peace, would undoubtedly be sufficient. The averment in the first count, was evidently framed with a view to meet the statutory requirement. It is in this language : “Yet, the said defendant, well knowing the premises, but greatly envying the happy state and condition of the plaintiff, and contriving, contrary to the statute in such cases made and provided, to insult and defame the said plaintiff,"and to lead the said plaintiff to commit a breach of the peace, and to commit violence,” &c., and it concludes by charging the speaking of the slanderous words. Does this averment fully inform the court, as the rule requires, that the case is within the statute? Do the circumstances necessary to sustain the action, “ in effect appear upon the face of the declaration?” We think that these questions must be answered affirmatively. The rule of law has been substantially complied with. The defendant is charged with having spoken the words contrary to the statute, with a view to insult the plaintiff, and to lead him to commit violence and a breach of the peace. This is equivalent to an averment that the words were insulting and tended to a breach of the peace. To bring words spoken of another within the meaning of the statute, only two_ things are necessary; they must be insulting, and calculated to lead to a breach of the peace. - That such was their character, we think, in effect at least, is stated. This is a public statute, and it was not therefore necessary to recite the statute or any part of it. All that the law requires is that it should appear on the face of the declaration, that a right of action has accrued under the statute. The other counts, however, contain no such allegation; — no statement of circumstances by which the *558 court could be informed that the action was founded on the statute. It becomes necessary, therefore, to extend the inquiry, and to determine whether the demurrer to the whole declaration was correctly overruled, eight of the counts being faulty, and only one of them good.
It is a well settled rule, perhaps it is without an exception, that on a general demurrer to the whole of a'declaration which contains good and bad counts, when the causes of action counted on may be properly joined, the demurrer must be overruled, and the plaintiff will be entitled to judgment on his good counts, for the court cannot give judgment that such a demurrer is good in part, and bad in part. 6 Bacon’s Abridgment, Title Pleading, 356. I Chitty’s Pleading, 703. Archbold’s Civil Pleading, 309. 1 Henning and Munford, 361. 13 J. Rep. 264, 402. According to this'rule, the demurrer, as it extended to all the counts, was properly overruled, because the first count is good, although the whole of the others may be faulty. But still, it does not follow from this rule, that every judgment on a declá-ration containing good and bad counts, is free from error. The plaintiff, it must be observed, is only entitled to judgment on his good counts. There are cases in which the judgment will be arrested or reversed, although there may be one good count, if the others be bad, and this will lead us to inquire, whether this is a case of that description; for if it be so, the judgment must be reversed, although the demurrer may have been properly overruled. But this is an inquiry which will more properly arise, when we come to consider of the final judgment rendered on the verdict. For the present, we are only to determine whether the demurrer to the declaration was properly overruled, and we think it has been sufficiently shown that it was, for anything contained in the first cause of demurrer.
The second cause of demurfer is, that the words are not actionable under the statute, because it is not averred that they were spoken to the plaintiff, or in his presence. The statute cannot fairly be construed, as giving a right of action only when the words are spoken to, or in presence of the plaintiff. All the evils, both public and private, which the statute intended *559 to guard against, are quU@ as likely to arise, when slanderous words are spoken of a person who is not present, as if addressed to him. So that for neither of the causes, could the demurrer have been properly sustained.
The second error assigned is, that the court improperly sustained the plaintiff’s demurrer to defendant’s two first special pleas. By these pleas, the defendant avers that before speaking the slanderous words complained of, the same words had been spoken of, and concerning the plaintiff, by Buckner La-nier, and Starlin Lanier, of Guilford county, North Carolina, and that he only repeated the words without malice, giving at the same time, the names of the two Laniers as the authors thereof. The defence sought to be interposed by these.pleas, is one which has, in some instances, been sustained as valid. Other courts of high respectability, have doubted it. See Williams v. Greenwade and Wife, 3 Dana’s Rep. 432, and authorities there cited, so that it may be regarded as resting on questionable grounds. It certainly does not altogether command the sanction of reason, but we are not called on, in this instance, to declare a general disapprobation of it. The reason on which it is founded, shows the extent to which it will be allowed. It is said to constitute a valid defence, because it gives the injured party ample redress, by pointing out to him a responsible author of the slander. On this ground only, can it be sustained. If then, it does not point out the individual, against whom this ample redress can be had, the defence must fail. The injured party cannot be turned over to one who cannot be immediately sued, or to one who is unable to make ample reparation. The individuals named in this plea, are citizens of North Carolina, and not within the jurisdiction of the courts of this state. The plaintiff could not sue them, and the place of their residence appears on the face- of the pleas. If the slanderer is to be permitted to shield himself behind the name of a foreigner, the injured party is without remedy. As well might a fictitious name be given. Such a license would remove every safeguard which the law has thrown around the reputation of the inno *560 cent. Even then, admitting that such a defence may be valid, under a proper state of facts, still these pleas are fatally defective, and the demurrer to them was properly sustained.
After the demurrer was sustained to these pleas, the defendant, by leave of the court, pleaded the statute of limitations, on which issue was taken, and also another special plea to the first, second, and third counts, which is the same in substance, as the two pleas already noticed, to which the plaintiff again demurred, and the court sustained the demurrer, and this is assigned as error. As this plea is the same in matter as the two preceding ones, it falls within the remarks already made.
It is further assigned as error, that the court improperly received evidence of the plaintiff’s good character, when no evidence had been introduced impeaching it. To the admissibility of this evidence, the defendant’s counsel excepted, this being the only point which is raised by bill of exceptions. This too, is rather a vexed question. In the case of Williams v. Greenwade, above referred to, it was raised, but the court seemed to think it entitled to but little consideration, and decided, without hesitation, that such evidence was properly admissible under the general issue, in aggravation of damages, on the same principle that evidence of bad character is admissible in mitigation of damages. In Harding v. Brooks, 5 Pickering’s Rep. 244, the.court inclined to the same opinion, although the question was not directly decided. In this particular case, to say nothing of the general admissibility of such proof, we cannot doubt but what the evidence was strictly admissible. It is always proper, when justification is attempted. By the special pleas, the defendant admitted the speaking of the words, and attempted to justify ; and allhough the pleas were bad, still they placed the attempt at justification on record. An attempt to justify in which the party fails, aggravates the offence, and then it is proper th'at the plaintiff should be allowed to introduce proof in aggravation of damages. This, then, like the preceding objection, is untenable.
It seems that the parties went to trial on the statute of limita *561 tions only, on which the jury found a general verdict, and the court gave a general judgment It is proper that we should review the record, and see whether the judgment on this general verdict can be sustained. . We have before said that there are cases in which the judgment will be reversed, on account of vicious counts in the declaration, although there be also good counts. Does the record present such a case? The rule of law is, “ that where there are several counts, and a verdict is entered generally on all the counts,' and entire damages given, and one count is bad, it is fatal, and judgment shall be arrested in loto” 3 Saunders’s Rep. 171, (note 1). In such cases, although the court will not sustain a demurrer to the whole declaration, yet the plaintiff will not be allowed to take a judgment on his faulty counts. The judgment must be on the good count. In the case of Backus v. Richardson, 5 Johnson’s Rep. 476, the declaration was in slander, and contained four counts, and the plaintiff had judgment on demurrer, and on a writ of inquiry damages were assessed on all of the counts, some of which were bad, and for this reason the judgment was reversed. And in the case of Kingsley v. Bill, 9 Mass. Rep. 189, the judgment was reversed for the same reason. Having said that eight of the counts are bad in the case at bar, but for the mqdification of this rule by statute, these authorities would be decisive. It is provided by statute, that when there are several counts, one of which is faulty, and entire damages are given, the verdict shall be good; but the defendant may apply to the court to instruct the jury to disregard the faulty count. H. & H. Dig. 591. This statute seems to have been designed to change the common law rule, to which we have adverted; and in holding that it does so, we have a precedent directly in point, under the Virginia statute, of which ours is an exact copy. In the case of Roe v. Crutchfield, 1 Henning & Munford, 361, the declaration contained good and bad counts, and the defendant demurred generally; the demurrer was overruled, and entire damages assessed on a writ of inquiry; the judgment was held good. Judge Tucker thought the defect was cured by the gen- *562 eral provision in the statute of jeofails, and perhaps it is so in this case, but we think it clearly so under the particular section above referred to. In no point of view, then, do we perceive any error which is fatal to the validity of the judgment, and it must therefore be affirmed.