## SAMUEL C. HENDRICKSON AND WIFE v. PENNSYLVANIA RAILROAD COMPANY.

When, in a count in a declaration, special damages are laid, some grounds of which are good and some bad, a general demurrer to the entire count will not be sustained.

Suit for damages from negligence.

This action was brought under the twenty-second section of the Practice act, by Hendrickson and wife, against the Pennsylvania Railroad Company, to recover damages for injuries received by both, alleged to have resulted from a collision between the carriage in which they were riding along a highway in Freehold and the locomotive of the defendants.

The declaration contained two counts. The first count set forth the injuries received and the pecuniary damage sustained by Mr. Hendrickson. The material part of the count, after describing the accident, proceeded in these words:

" And also, by means whereof the said carriage of the said Samuel C. Hendrickson was crushed, broken to pieces and totally destroyed, and the harness in and upon the said horses was also broken to pieces and destroyed.

" And also by means whereof the said team of horses of the said Samuel C. Hendrickson, drawing said carriage, were bruised, frightened and injured, and did thereby run into and against the horse and wagon of one Edward Duncan, then and there being on said public street known as South street, and one of said horses, of great value, to wit, of the value of two hundred and fifty dollars, was, by reason of the premises, then and there killed.

" Whereby the said plaintiff, during all that time, to wit, from the day and year aforesaid hitherto, has been unable to attend to his business of farming, as he otherwise might and would have done.

" And thereby, also, the said plaintiff, Samuel C. Hendrickson, for a long space of time, to wit, for the space of two months, lost and was deprived of all the comfort, fellowship and assistance of his said wife, Annie Hendrickson, which he might and otherwise would have had.

" And thereby, also, the said Samuel C. Hendrickson was necessarily subjected to and incurred divers expenses, to wit, the sum of two hundred dollars, in the medical and surgical treatment of himself and his said wife in endeavoring to cure their said wounds and bruises.

" And thereby, also, said Samuel C. Hendrickson was entirely deprived of all use of said carriage, harness and horse, which, from the time of said injury, became and was of no use or value to him, the said Samuel C. Hendrickson.

" And by means thereof the said Samuel C. Hendrickson also suffered great apprehension, anguish and anxiety of mind because of the said injuries to himself and his said wife, and was in divers other respects greatly injured and damnified, to the damage of the said Samuel C. Hendrickson, five thousand dollars."

The second count goes upon the injuries received by the plaintiff, Annie Hendrickson, the wife, and, after describing the accident, proceeds as follows :

" By means whereof the said Annie Hendrickson, the wife of the said Samuel C. Hendrickson, was badly cut, wounded

and bruised in and about her head, body and limbs, and she was so injured and shocked in her nervous system and otherwise, that her life was greatly despaired of; and the said Annie Hendrickson was unable, by reason of her said injuries, to be removed to the house of her said husband, at Freehold aforesaid, but was thereby obliged to and did remain away from the house of her said husband for a long space of time, to wit, for two months, by means whereof the said Annie Hendrickson underwent great pain, anguish and suffering from her said wounds and bruises, and from the means necessarily employed to heal the same, and suffered great fear by reason of the dangerous character of said wounds and bruises, and great anxiety of mind by reason of the loss of the comfort and society of, her said husband.   And the said Annie Hendrickson was also thereby, in divers other respects, greatly injured and damnified, to the damage of the said Annie Hendrickson five thousand dollars.   And therefore they, the said Samuel C. Hendrickson and Annie Hendrickson, his wife, bring their suit," &c.

To this declaration the defendants interposed a general demurrer.

Argued at June Term, 1881, before BEASLEY, CHIEF JUSTICE, and Justices SCUDDER, KNAPP and REED.

For the demurrant, *E. T. Green.*

*Contra, C. Robbins.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   The ground laid in the argument to sustain this demurrer was, that the plaintiffs claim damages, in part, for causes which in law give no right to damages.   The action is by husband and wife, and the excess in their demand for compensation is said to consist in the claim they each make for the anxiety suffered in consequence of the bodily injuries sustained by the other.   It is not denied

that a portion of the demand of damages, with respect to other matters, is well laid; but it is asserted that, in the particular mentioned, the law will afford no indemnification. The contention was, that the plaintiffs have overstated, in point of law, their case.

But, in my opinion, the position thus taken is not sustainable. ·This is a general demurrer, and its legal force is to admit all the plaintiffs' case that is well pleaded. *Co. Litt.* 72, *a*. And the decisions are quite clear to the effect that, where the plaintiff's claim is made up of separable demands, some of which are good and some bad, such a declaration will prevail against a general demurrer. *Powdick* v. *Lyon*, 11 *East* 565, was a case of that character, the plaintiff demanding two several sums of money, one of which, on the face of his pleading, he failed to show was legally.due to him; and on a demurrer to the whole declaration, Lord Ellenborough said that " the demurrer was too large : it went to the whole of the plaintiff's demand in the declaration, when it was clear that he was entitled to recover part of it; " and Bayley, Justice, stated the general rule thus : " If the sum demanded be divisible on the record, as it appears to be, and there be no objection to one part of it, the demurrer, which goes to the whole, is bad."

The same principle is applied where some of the counts in a declaration are good and some bad; or in an action of covenant, where there are several breaches assigned, some of such assignments being well and others ill, and the demurrer is general ; in such cases the plaintiff will prevail." *Pinkney* v. *Inhabitants of East Hundred*, 2 *Saund.* 378; *Benbridge* v. *Day*, 1 *Salk.* 218 ; *Duppa* v. *Mayo*, 1 *Saund.* 286 ; *Martin et al.* v. *Williams*, 13 *Johns.* 264; *Adams* v. *Willoughby*, 6 *Johns.* 65; *Whitney* v. *Crosby*, 3 *Caines* 89.

The case of *Condit* v. *Neighbor*, 1 *Green* 83, which was relied upon on the argument, was settled upon the effect of a special demurrer, and consequently is regarded as not being in point.

It is not amiss to remark that the declaration in this case is no further sanctioned than that it is declared to be, taken

as a whole, sufficient in substance to prevail over a general demurrer.

The demurrer cannot be supported.