## SUTLIEF T. SEWARD, RESPONDENT, *v.* THE CITY OF ROCHESTER, APPELLANT.

*Agreement that damages shall be fixed by arbitration — when it does not prevent an action being brought.*

In November, 1874, the parties to this action entered into an agreement in writing, whereby the plaintiff granted to the defendant a right of way across his farm, for the purpose of laying water pipes, for the use of the water-works of the defendant, at a price agreed upon as compensation for such right of way.

By the agreement the defendant obligated itself to pay to the plaintiff a fair and just compensation for any damage that may accrue to the said party of the first part, his heirs or assigns, by the breaking, bursting or leakage of said water pipes, or any of them, or from any other cause. It further provided that "all compensation and damages, herein contemplated, that may accrue, aside from the amount herein above expressed and agreed upon for the above grant, provided the parties cannot agree upon the amount, shall be appraised and fixed by two disinterested persons," etc.

*Held,* that the agreement to arbitrate constituted no defense to an action brought by the plaintiff to recover damages caused by the leakage of the pipes.

APPEAL from a judgment in favor of the plaintiff, entered on a verdict rendered at the Livingston Circuit, and from an order denying a motion for a new trial made on the minutes of the court.

*J. N. Beckley* and *G. F. Slocum,* for the appellant.

*O. H. Stevens,* for the respondent.

SMITH, P. J. :

In November, 1874, the parties to this action entered into an agreement in writing, whereby the plaintiff granted to the defendant a right of way across his farm, for the purpose of laying water pipes for the use of the water-works of the defendant, at a price agreed upon as compensation for such right of way. By the agreement the defendant obligated itself also to pay to the plaintiff " a fair and just compensation for any damage that may accrue to the said party of the first part, his heirs or assigns, by the breaking, bursting or leakage of said water pipes or any of them or from any other cause." The agreement contained the following clause : " And it is further understood and agreed between the parties that all compensation and damages herein contemplated that may accrue aside from the amount herein above expressed and agreed upon for the above grant, provided the parties cannot agree upon the amount, shall be appraised and fixed by two disinterested persons, one to be selected by each party, and in case they cannot agree, by an umpire. to be selected by them, and the award of two of the three thus selected, shall be final and conclusive upon the parties."

The price agreed upon for the right of way was paid. This action was brought to recover damages alleged to have been caused by the leakage of the pipes. The defendant, by its answer, denied all liability therefor, and pleaded the agreement to arbitrate as a bar.

We concur with the trial judge in holding that the agreement to arbitrate constitutes no defense to this action. The case is of the class in which there being an independent and absolute agreement to pay damages, the stipulation to arbitrate is regarded as a mere collateral agreement and not a condition precedent to the obligation to pay. The distinction is well established by numerous cases. A similar agreement was held to be collateral and no bar to an action on the main contract in *Roper* v. *Lendon* (1 El. & El., 825); *Haggart* v. *Morgan* (5 N. Y., 422) ; *Hurst* v. *Litchfield* (39 id., 377); and *Gibbs* v. *The Continental Insurance Company* (13 Hun, 611). But where the agreement is solely to pay such amount of loss or damage or other sum, as shall be ascertained by arbitration, it has been held that no action will lie for a breach until the sum has been so ascertained. (*Scott* v. *Avery*, 5 H. of L. Cas., 811; *Adams* v. *Willoughby*, 6 Johns., 65 ; *The President of the D. and H. Canal Co.* v. *The Pennsylvania Coal Co.*, 50 N. Y., 250.)

In this case, the agreement of the defendant to make compensation is absolute and independent. The allegations in the complaint as to what had been done by the parties in respect to the choice of arbitrators were irrelevant to the cause of action, and were mere surplusage, there having been, in fact, no submission to arbitrators and no award. So, too, it was immaterial whether the failure to arbitrate was exclusively the fault of the plaintiff. If the stipulation to arbitrate was broken by him, the breach gave the defendant a right of action to recover the damages thereby occasioned, but it did not release the defendant from its obligation to perform the principal contract.

The judgment and order should be affirmed.

BARKER and BRADLEY, JJ., concurred; HAIGHT, J., not sitting.

Judgment and order affirmed.